635 A.2d 134

**Edward G. SPRINGER and Constance M. Springer, Administrators of the Estate of James E. Springer, Deceased, a Minor, by his Parents and Natural Guardians Edward G. Springer and Constance M. Springer, in Their Own Rights, Appellants,**

v.

**Arthur T. LUPTOWSKI and Eugenia M. Miller, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1992.

Decided Dec. 16, 1993.

Jack E. Feinberg, Sarah P. Katowitz, Edward F. Silva, for appellants.

David M. Kozloff, for appellee Arthur T. Luptowski.

Joseph J. Santarone, Jr., for appellee Eugenia M. Miller.

Stephen J. Gring, for Eugenia M. Miller.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.[1]

This is an appeal, by allowance, from a memorandum decision of the Superior Court which affirmed an order of the Court of Common Pleas of Berks County denying post-trial motions in a wrongful death and survival action in which the appellants, Edward G. and Constance M. Springer, sought damages for the death of their son, James E. Springer, 408 Pa.Super. 659, 588 A.2d 570. James was killed when the vehicle that he was driving encountered obstacles on a roadway and could not be stopped in time to avert an accident. At issue is whether the trial court erred in instructing the jury that, as a matter of law, James was negligent for driving at such a rate of speed that he was unable to stop within the distance that he could clearly see, i.e., within the "assured clear distance ahead."

The accident in question occurred on the morning of May 22, 1980. James, then age sixteen, was en route to his high school in Kutztown, Pennsylvania. He was driving a pickup truck on a rural two-lane road which had an unposted statutory speed limit of 55 miles per hour. The weather was clear and the road surface was dry. James emerged from the third of three curves at the crest of a hill and encountered two vehicles stopped side by side on the roadway, blocking both the northbound and southbound lanes. The vehicle operators, appellees Eugenia M. Miller and Arthur T. Luptowski, had stopped to converse and share some food. James applied his brakes to avoid a collision but lost control of his truck, veered off the roadway, and struck a tree. He sustained fatal injuries.

At the end of the first of the three curves on the hill crest, there was a sign advising that there were two more curves ahead and that the maximum speed to safely negotiate the

1. This case was reassigned to this writer.

curves was 35 miles per hour. Testimony at trial from appellants' expert witness established, however, that James was traveling 49 miles per hour when he rounded the third curve, this being the point at which he first could have seen the two vehicles parked on the roadway ahead. The expert testified that, at this speed, James required a stopping distance of 376 feet. Appellees' vehicles were parked approximately 320 feet from the crest of the hill. The tree that James struck was just 310 feet from the crest.

The trial court instructed the jury that appellees were negligent as a matter of law for stopping their vehicles on the roadway [2] and that James was negligent as a matter of law for violating the assured clear distance ahead rule. See 75 Pa. C.S. 3361, infra (clear distance ahead rule). The jury was instructed to apportion fault among the parties. Accordingly, James was found to be 55 percent at fault, Mr. Luptowski, 25 percent at fault, and Ms. Miller, 20 percent at fault. In response to this apportionment of fault, the trial court molded the verdict in favor of the appellees.

Appellants' post-trial motions were denied. The Superior Court affirmed. We granted allowance of appeal to consider whether the trial court erred in finding James negligent as a matter of law for violating the assured clear distance ahead rule. The rule, as set forth in the Vehicle Code, 75 Pa.C.S. § 3361, provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, *nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.* Consistent with the foregoing, every person shall drive at a

---

**2.** Appellees were negligent in violating the Vehicle Code, 75 Pa.C.S. § 3351(a), which provides that "[o]utside a business or residence district, no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway."

safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, *when approaching and going around curve, when approaching a hill crest,* when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

(Emphasis added).

██ The assured clear distance rule, which requires a motorist to be capable of stopping within the distance that he can clearly see, has long been recognized by this Court. *Haines v. Dulaney,* 424 Pa. 608, 227 A.2d 625 (1967); *Metro v. Long Transportation Co.,* 387 Pa. 354, 359–61, 127 A.2d 716, 719–20 (1956); *Weibel v. Ferguson,* 342 Pa. 113, 118–19, 19 A.2d 357, 360 (1941); *Hutchinson v. Follmer Trucking Co.,* 333 Pa. 424, 427–28, 5 A.2d 182, 183–84 (1939); *Gaber v. Weinberg,* 324 Pa. 385, 188 A. 187 (1936).

Appellants concede that the rule is well established and that it is applicable to motorists traversing hill crests and curves.[3] The Vehicle Code clearly provides, in 75 Pa.C.S. § 3361, supra, that motorists must drive at speeds slow enough to allow their vehicles to be brought to a safe stop within the assured clear distance ahead. The same provision expressly sets forth a duty to drive at a safe and appropriate speed "when going around [a] curve" and "when approaching a hill crest." Accordingly, we have consistently upheld the duty of motorists traversing curves and hill crests to travel at speeds slow enough to avoid colliding with unexpected obstructions on the roadway. E.g., *Haines v. Dulaney,* 424 Pa. at 611–12, 227 A.2d at 626–27 (curves); *Hogg v. Bessemer & Lake Erie R.R. Co.,* 373 Pa. 632, 638–39, 96 A.2d 879, 882–83 (1953) (hill crests). Such obstructions include, of course, vehicles parked on the roadway. *Haines v. Dulaney,* supra.

3. Very limited exceptions to the rule have been recognized, but none are applicable to the present facts. E.g., *Fleischman v. Reading,* 388 Pa. 183, 130 A.2d 429 (1957) (collision with vehicle that suddenly moved into motorist's lane of travel); *Buohl v. Lockport Brewing Co.,* 349 Pa. 377, 37 A.2d 524 (1944) (collision while temporarily blinded by headlights of an oncoming vehicle).

338

■ Appellants contend, nevertheless, that the trial court erred in instructing the jury that James' failure to comply with the rule constituted negligence as a matter of law. They argue that the question of James' negligence should have been left to the jury. We do not agree.

■ This Court has repeatedly held that, where a violation of the assured clear distance rule has been clearly established by the evidence, the violation can be deemed negligence as a matter of law. *Haines v. Dulaney,* 424 Pa. at 611, 227 A.2d at 626–27; *Metro v. Long Transportation Co.,* 387 Pa. at 360–61, 127 A.2d at 720. In the present case, appellants' own evidence established that James violated the assured clear distance rule. Their expert witness testified that James was driving at a rate of speed that would have required a distance of 376 feet to stop. This was plainly a greater distance than was in James' line of clear sight when he rounded the final curve on the hill crest, since the vehicles obstructing the roadway were just 320 feet ahead. The expert's testimony on these matters was uncontradicted. Ample basis existed, therefore, for the trial court's instruction to the jury that James violated the assured clear distance rule and that negligence as a matter of law was established. The Superior Court properly affirmed.[4]

Order affirmed.

**4.** We granted allocatur primarily to address the trial court's application of the assured clear distance rule. Several additional issues have, however, been raised. None are of merit.

Appellants contend that the jury should have been instructed on the sudden emergency doctrine. However, the emergency in this case arose simply from the fact that James was driving at too great a speed to stop before crashing into vehicles parked on the roadway. There was no evidence of any sudden or unexpected event that interfered with James' ability to make a timely stop in compliance with the assured clear distance rule. Hence, the instruction was properly denied. See *Haines v. Dulaney,* 424 Pa. at 612, 227 A.2d at 627.

Appellants next assert that the jury should have been instructed to presume that James exercised due care. Such an instruction would have been unwarranted, however, given that appellants' own evidence provided a basis for instructing that James was negligent as a matter of law. See *Metro v. Long Transportation Co.,* 387 Pa. at 360–61, 127 A.2d at 720. Cf. *Rice v. Shuman,* 513 Pa. 204, 519 A.2d 391 (1986).

LARSEN, J., did not participate in the consideration or decision of this case.

MONTEMURO, J., files a dissenting opinion which is joined by CAPPY, J.

MONTEMURO, Justice, dissenting.

An anonymous epitaph reads:

This is the grave of Mike O'Day

Who died maintaining his right of way.

His right was clear, his will was strong,

But he's just as dead as if he'd been wrong.

Bartlett, *Familiar Quotations*, 1105a (14th ed. 1968). Because one does not know the cause of Mr. O'Day's demise, it is easy to find humor in the words drafted to his memory. The same epitaph could be used to memorialize the death of James Springer, but there is no humor in his passing. Mr. Springer also perished while rightfully maintaining his right of way. Unfortunately, the majority fails to recognize that Mr. Springer did nothing wrong. Rather, they conclude that "James had a duty not to collide with negligently parked vehicles." (Op. at 137 n. 4). Because I do not share this view, I dissent for the reasons set forth below.

This appeal presents us with the opportunity to reconsider the question of whether the "assured clear distance ahead" rule should be applied rigidly to a motorist whose visibility is impaired by the topography of the roadway. The assured clear distance ahead rule, as codified at section 3361 of the Vehicle Code, 75 Pa.C.S.A., provides that:

> Finally, appellants argue that there should have been an instruction that James was not required to anticipate the negligence of the drivers who parked their vehicles on the roadway. Such an instruction would largely have negated any application of the assured clear distance rule to the facts presented. The assured clear distance rule is, however, plainly applicable where drivers collide with static objects, such as parked vehicles, that have been negligently left on the roadway. *Metro v. Long Transportation Co.*, 387 Pa. at 360, 127 A.2d at 719–20. In short, James had a duty not to collide with negligently parked vehicles; hence, the instruction was properly denied.

340

[n]o person shall drive at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of other weather or highway conditions.

This rule has been called " 'the safe rule' * * * 'inflexible' * * * 'fixed and unchangeable' ". *Metro v. Long Transp. Co.*, 387 Pa. 354, 360, 127 A.2d 716, 719 (1956). Nowhere are these observations more clearly illustrated than by the courts' application of the assured clear distance ahead rule to motorists who have crested a hill, or rounded a curve. Traditionally, the topography of the road, whether it be the crest of a hill or a curve in the road, does not relieve a motorist of his or her duty to drive at a speed no greater than would permit the motorist to bring his or her vehicle to a stop within the assured clear distance ahead. *See, e.g., Haines v. Dulaney*, 424 Pa. 608, 609–12, 227 A.2d 625, 626 (1967) (assured clear distance ahead is not shortened by a blind curve); [1] *Hogg v. Bessemer & Lake Erie R.R. Co.*, 373 Pa. 632, 638–9, 96 A.2d 879, 882–3 (1953) (if a motorist's lights do not disclose the road beyond the crest of an upgrade, it is the driver's duty to have his vehicle under such control that he could stop or turn aside in case there is an obstacle beyond the crest which is not visible to the motorist); *Weibel v. Ferguson*, 342 Pa. 113, 118–9, 19 A.2d 357, 360 (1941) (driver must maintain such control over his car as to enable him to stop within the range of his

1. *Haines* is factually similar to the instant case. There, we affirmed the trial court's determination that the plaintiff was contributorily negligent as a matter of law for violating the assured clear distance ahead rule when the plaintiff rounded a sharp curve, and was unable to stop before colliding with a truck parked on the roadway.

headlights, however much his visibility may be impaired by storm, darkness, fog, curve in the road or other conditions); *Hutchinson v. Follmer Trucking Co.*, 333 Pa. 424, 427–8, 5 A.2d 182, 184 (1939) (the operator of a motor vehicle has a duty to maintain such control over the vehicle as to enable him to bring it to a stop within the range of its headlights—a mandate fixed and unchangeable, however much the visibility be impaired by storm, darkness, fog, a curve in the road, or other conditions); *Gaber v. Weinberg*, 324 Pa. 385, 388, 188 A. 187, 188 (1936) (the assured clear distance may be long, as on a straight road in bright daylight, or it may be shortened by storm, fog, a curve in the road or other conditions); *Turner v. Smith*, 237 Pa.Super. 161, 168, 346 A.2d 806, 809 (1975) (assured clear distance ahead rule violated if motorist crests hill at a speed in excess of what is necessary to avoid colliding with a static object beyond the crest). *Flick v. James Monfredo, Inc.*, 356 F.Supp. 1143, 1148 (E.D.Pa.1973) (under Pennsylvania law, assured clear distance ahead rule is not modified by curves in the road; thus, a motorist who enters a blind curve at a speed which will not allow the motorist to avoid colliding with a stationary object has violated the rule), *aff'd*, 487 F.2d 1394 (3d Cir.1973); *Drenning v. Williams*, 344 F.Supp. 1365, 1366–7 (E.D.Pa.1972) (under Pennsylvania's assured clear distance ahead rule, motorist was negligent as a matter of law for failing to drive at speed no greater that would permit him to stop within the assured clear distance ahead even though this distance was shortened by a dip in the road), *aff'd*, 480 F.2d 1220 (3d Cir.1973).

Nonetheless, "there is some logic in arguing that the application of the rule to curves and hills is impracticable and that an exception thereto should be recognized." Annotation, *"Assured clear distance" statute or rule as applied at hill or curve."* 133 A.L.R. 967 (1941). *See, Notarianni v. Ross*, 384 Pa. 63, 72, 119 A.2d 792, 796 (1956) (Musmanno, J., dissenting). Although we have been steadfast in our refusal to recognize such an exception, we have embraced other exceptions to the rule. For example, we have held that a motorist does not violate the rule as a matter of law by: colliding with a

vehicle which suddenly darts into the motorist's assured clear distance, *Fleischman v. Reading,* 388 Pa. 183, 130 A.2d 429 (1957); colliding with a vehicle when temporarily blinded by bright lights, *Buohl v. Lockport Brewing Co.,* 349 Pa. 377, 37 A.2d 524 (1944); colliding with a vehicle which was traveling in the wrong lane of traffic, at night, without lights, *Schofield v. Druschel,* 359 Pa. 630, 59 A.2d 919 (1948); or, by colliding with an object that is either too small or too well camouflaged to be readily discernable, *Koelle v. Philadelphia Elec. Co.,* 443 Pa. 35, 277 A.2d 350 (1971); *Simrell v. Eschenbach,* 303 Pa. 156, 154 A. 369 (1931). As we observed in *Fleischman v. Reading:*

'Assured clear distance ahead' means only what it says: a clear distance that is assured, that is, one that can reasonably be depended on. The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him, and that he must transport ready-made solutions to overcome all fortuitous hazards which suddenly face him. *Assured* does not mean *guaranteed.* When a driver approaches the crest of a hill, there comes a moment when, because of the convexity of the highway, he has practically no guaranteed clear distance ahead, but he can reasonably be assured that no one will be insane enough to approach the crest of the road from the other side of the summit, using the contrary lane of travel. If such a predicament should develop and a collision result, the motorist on his own side of the thoroughfare cannot be declared guilty of contributory negligence as a matter of law on the theory that he did not have an assured clear distance ahead.

*Id.* 388 Pa. at 185–6, 130 A.2d 429, 431.

Our reasoning in *Fleischman* is equally applicable here. "[A] motorist must often depend on a safety which is not apparent, in spite of the lack of an 'assured clear distance ahead.'" *Notarianni,* 384 Pa. at 72, 119 A.2d at 796 (Musmanno, J., dissenting). Thus, a safe and prudent driver should be able to assume that, as he crests a hill or rounds a curve, his lane of travel will not be blocked by a stopped vehicle, nor any other stationary object. If drivers are not

permitted to rely on this assumption, the only safe motorists will be those individuals who, upon reaching the crest of a hill or a curve in the road, stop their vehicles, and reconnoiter the road ahead before proceeding. *Id.*, 119 A.2d at 796. Such a result is untenable. Therefore, I would hold that the assured clear distance ahead rule is not violated as a matter of law when a motorist's visibility is limited by the topography of the road. However, the finder of fact would still determine whether the motorist is operating his or her vehicle at a safe and prudent speed.

CAPPY, J., joins in this dissenting opinion.