665 A.2d 1176

**Alix LOCKHART and William Lockhart,
her husband, Appellants,**

v.

**Gerald LIST, t/d/b/a List Refuse Service,
and Norman K. Allen, Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 19, 1994.

Decided Oct. 19, 1995.

142

Irving M. Portnoy, Mark E. Milsop, Evans, Portnoy & Quinn, Pittsburgh, for Appellants.

Robyn R. Gallitto, Charles W. Garbett, Luxenberg, Garbett & Kelly, P.C., Ellwood City, for Appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

CAPPY, Justice.

In this appeal we are asked to address the issues of whether the trial court erred in refusing to instruct the jury on the sudden emergency doctrine and whether the instruction given as to the assured clear distance ahead rule was improper.

The facts giving rise to the instant matter are as follows. On October 15, 1986, at approximately 8:45 a.m., Appellant, Alix Lockhart, was proceeding south on Cameron Road in Lawrence County en route to Slippery Rock State College where she was attending classes. At that time, she was proceeding downhill through a series of curves, commonly referred to as an "S-curve," and as she exited the final curve she encountered a garbage truck situated diagonally across her lane of travel. The garbage truck was being operated by Appellee Norman Allen who, at the time, was in the scope of his employment with Appellee Gerald List, t/d/b/a List Refuse Service. Upon seeing the garbage truck, Mrs. Lockhart

applied her brakes but was unable to avoid colliding with the truck. She sustained serious injuries as a result of the accident. In addition, both her vehicle and the garbage truck were damaged.

Following the accident, Mrs. Lockhart and her husband initiated the instant negligence action against Appellees. It was the Appellees' defense that Mrs. Lockhart violated the assured clear distance ahead rule in failing to drive at a speed which would enable her to stop within her assured clear distance. Appellants countered that Mrs. Lockhart should be relieved of responsibility since the garbage truck presented a sudden emergency to which she reacted in a reasonable manner. The trial court instructed the jury on the assured clear distance ahead rule, but denied Appellants' request for a charge on the sudden emergency doctrine. The jury ultimately returned a verdict in favor of the Appellees. In post-trial motions, Appellants complained, *inter alia*, that it was error for the trial court to instruct the jury on the assured clear distance ahead rule yet refuse to instruct on the sudden emergency doctrine and further, that the instruction as given on the assured clear distance ahead rule was legally incorrect. The trial court denied Appellants' post-trial motions.

With respect to the first alleged error, the trial court found that the sudden emergency doctrine was not, in that court's opinion, a viable defense *ever* and that, even assuming its viability, the facts presented did not establish the basis for the sudden emergency charge since the garbage truck was itself not in motion at the time of the accident. As for the second alleged error, the trial court found that the instruction given was a complete and correct statement of the assured clear distance ahead rule.

The Superior Court affirmed the trial court's ruling. Initially, the Superior Court agreed that the sudden emergency doctrine was inapplicable here, one, because "as a matter of law, any emergency which arose was caused by Mrs. Lockhart driving her car at too great a speed to stop before crashing into List's truck" and two, because "Mrs. Lockhart provided no testimony to the effect that the garbage truck was in

motion when it first came into her view."[1] (*memorandum opinion* pp. 12–13). The Superior Court further held that the instruction given the jury on the assured clear distance ahead rule contained an accurate statement of the law. This appeal followed. We now reverse.

Appellants maintain in this appeal that the lower courts here misapplied the so called "static/moving" distinction as it relates to the sudden emergency doctrine and that the charge given with respect to the assured clear distance ahead rule was an incorrect statement of the law. The principles governing our review of such matters is well established. First, in reviewing a claim regarding error with respect to a specific jury charge, we must view the charge in its entirety taking into consideration all the evidence of record and determine whether or not error was committed and, if so, whether that error was prejudicial to the complaining party. *Reilly by Reilly v. SEPTA*, 507 Pa. 204, 489 A.2d 1291 (1985). Error will be found where the jury was probably misled by what the trial judge charged or where there was an omission in the charge which amounts to fundamental error. *Sweeny v. Bonafiglia*, 403 Pa. 217, 169 A.2d 292 (1961); *Voitasefski v. Pittsburgh Railways Co.*, 363 Pa. 220, 69 A.2d 370 (1949). Additionally, in reviewing a claim regarding the refusal of a court to give a specific instruction, it is the function of this Court to determine whether the record supports the trial court's decision. The law is clear that a trial court is bound to charge only on that law for which there is some factual support in the record. *Hamley v. George*, 365 Pa. 543, 76 A.2d 181 (1950). We note further that it is not the function of the trial court in charging a jury to advocate, but rather to explain the principles of law which are fairly raised under the facts of a particular case so as to enable the jury to comprehend the questions it must decide. *Hrivnak v. Perrone*, 472 Pa. 348, 372 A.2d 730 (1977).

1. The Superior Court specifically noted, however, that it wished to express no opinion on the trial court's statements to wit that the sudden emergency doctrine was a "bogus" and "confusing malignant mutation of our jurisprudence."

Both the assured clear distance ahead rule and the sudden emergency doctrine, which are most often employed in cases arising out of a motor vehicle accident, are well established in our case law.[2] Given the fact specific nature of motor vehicle accident cases, however, the application of these two doctrines in our case law, either in isolation or in conjunction with each other, is somewhat varied rendering a precise and absolute rule of law thereon rather elusive. Accordingly, a review of the fundamentals of both doctrines is necessary before addressing the specifics of the instant matter.

The assured clear distance ahead rule, which is codified in the Vehicle Code, 75 Pa.C.S. § 3361, requires a motorist to be capable of stopping within the distance that he or she can clearly see. *See Springer v. Luptowski*, 535 Pa. 332, 635 A.2d 134 (1993) and cases cited therein.[3] As this rule has been applied to hill crests and curves, this Court has made clear that a person may not enter blindly upon such topography, but must proceed slowly enough so as to avoid colliding with obstructions that may be on the roadway. This Court discussed the assured clear distance ahead rule at some length in *Fleischman v. City of Reading*, 388 Pa. 183, 130 A.2d 429 (1957). Specifically, this Court noted:

"Assured clear distance ahead" means only what it says: a clear distance that is assured, that is, one that can reasonably be depended on. The rule does not mean that the

2. The sudden emergency doctrine was first recognized by this Court in 1854 in *Railroad Company v. Aspell*, 23 Pa. 147 (1854). The assured clear distance ahead rule, which is now codified in our Vehicle Code, has its genesis in the common law.

3. Section 3361 of the Vehicle Code specifically provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve [sic], when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

motorist must carry in his mind every possible series of combinations which could conspire against him, and that he must transport ready-made solutions to overcome all fortuitous hazards which suddenly face him. *Assured* does not mean *guaranteed.* When a driver approaches the crest of a hill, there comes a moment when, because of the convexity of the highway, he has practically no guaranteed clear distance ahead, but he can reasonably be assured that no one will be insane enough to approach the crest of the road from the other side of the summit, using the contrary lane of travel. If such a predicament should develop and a collision result, the motorist on his own side of the thoroughfare cannot be declared guilty of contributory negligence as a matter of law on the theory that he did not have an assured clear distance ahead.

*Id.* at 185–6, 130 A.2d at 431 (emphasis in the original). A sharp curve in the roadway presents similar problems; certainly a driver entering or exiting such a curve will often reach a point at which there is virtually no *guaranteed* clear distance ahead. The assured clear distance ahead rule if taken to the extreme would, under such circumstances, provide that *any* forward movement would violate the rule where a driver's vision is impaired by such topography. This would be an incorrect interpretation of the rule. The assured clear distance ahead rule has never been interpreted by this Court as imposing a duty upon a driver to anticipate any and all possible occurrences, however remote. Rather, a driver is required to anticipate only that which is reasonable. *Schofield v. Druschel,* 359 Pa. 630, 59 A.2d 919 (1948) (having one's car under control means that in any situation reasonably likely to arise, he will be able to stop his car before doing injury to any person or property); *Long v. Pennsylvania Truck Lines, Inc.,* 335 Pa. 236, 5 A.2d 224 (1939) (driver of a vehicle is not under a duty to anticipate that the driver of a vehicle coming in the opposite direction around the curve would occupy the center of the highway in violation of the law of the road). In short, the assured clear distance ahead rule simply requires a driver to control the speed of his or her vehicle so that he or she will be

able to stop within the distance of whatever *may reasonably be expected* to be within the driver's path.[4]

The sudden emergency doctrine, on the other hand, is available as a defense to a party who suddenly and unexpectedly finds him or herself confronted with a perilous situation which permits little or no opportunity to apprehend the situation and act accordingly. *Liuzzo v. McKay,* 396 Pa. 183, 152 A.2d 265 (1959). The sudden emergency doctrine is frequently employed in motor vehicle accident cases wherein a driver was confronted with a perilous situation requiring a quick response in order to avoid a collision. The rule provides generally, that an individual will not be held to the "usual degree of care" or be required to exercise his or her "best judgment" when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than the person claiming protection under the doctrine. *See Amodei v. Saunders,* 374 Pa. 180, 97 A.2d 362 (1953). The rule recognizes that a driver who, although driving in a prudent manner, is confronted with a sudden or unexpected event which leaves little or no time to apprehend a situation and act accordingly should not be subject to liability simply because another perhaps more prudent course of action was available. Rather, under such circumstances, a person is required to exhibit only an honest exercise of judgment. *Noll v. Marian,* 347 Pa. 213, 32 A.2d 18 (1943). The purpose behind the rule is clear: a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a foreseeable

4. While this Court in *Springer* noted that the law requires a motorist traversing a hill crest or curve to proceed at a speed slow enough to "avoid colliding with *unexpected* obstructions on the roadway," we were in no way intimating that such a driver need be omniscient and, thus, did not negate the well settled principles as set forth above. As the discussion *infra* will demonstrate, the facts presented in *Springer* are distinguishable in critical respects from those presented in the instant matter. *Compare Gaber v. Weinberg,* 324 Pa. 385, 188 A. 187 (1936) and *Simrell v. Eschenbach,* 303 Pa. 156, 154 A. 369 (1931) (where the evidence established that the plaintiff should have seen the obstruction in the roadway sooner than he or she did, the fact that the obstruction was unexpected was of no avail to the plaintiff).

occurrence. It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly. *Chadwick v. Popadick*, 399 Pa. 88, 159 A.2d 907 (1960).

Instantly, Appellants contend that the trial court erred in refusing their request to charge the jury on the sudden emergency doctrine. On the other hand, Appellees submit, and the Superior Court agreed, that the instant matter is virtually identical to the facts at issue in this Court's decision in *Haines v. Dulaney*, 424 Pa. 608, 227 A.2d 625 (1967), wherein this Court upheld the trial court's rulings that the plaintiff was contributorily negligent as a matter of law and that, therefore, the sudden emergency charge was properly denied by the trial court. *Haines* is, however, distinguishable in critical respect from the instant matter.

In *Haines*, the plaintiff, as she rounded a sharp curve to her right, encountered two trucks which occupied virtually all of the fifteen-foot wide surface of the road and which were stopped because the roadway was being blacktopped. This particular curve, together with the topography of the roadway, rendered it impossible for motorists traversing the curve in either direction to ascertain what was on the other side of the curve until they were well within the curve. It was the plaintiff's contention that the assured clear distance ahead rule should not apply because she was confronted with a sudden emergency. The evidence presented in that case, however, consisted of expert testimony which established that plaintiff was driving at an unsafe speed. Specifically, the expert testified that a motorist traveling 30 m.p.h. such as plaintiff, would require a minimal stopping distance of seventy-seven (77) feet and that the average stopping distance was one hundred and one (101) feet. There was also testimony that plaintiff's assured clear distance at the time of the accident was approximately thirty (30) feet. Thus, the expert testimony established that plaintiff was driving at a speed which would render her unable to stop within her assured clear distance. On those facts, the trial court in *Haines* found that plaintiff had violated the assured clear distance ahead rule and

was, therefore, contributorily negligent *as a matter of law.* On that basis, the trial court in *Haines* also found that the sudden emergency doctrine was not applicable reasoning that the plaintiff's violation of the assured clear distance rule rendered the sudden emergency rule inoperable since plaintiff herself created the emergency by driving too fast.

This Court was presented with similar facts more recently in *Springer v. Luptowski,* 535 Pa. 332, 635 A.2d 134 (1993), wherein a majority of this Court upheld the trial court's instruction to the jury that the plaintiffs' decedent had violated the assured clear distance ahead rule and was, therefore, negligent as a matter of law. In *Springer,* the plaintiffs' decedent had emerged from the third of three curves at the crest of hill when he encountered two vehicles that were stopped side by side in the roadway. The decedent was killed when his vehicle veered off the roadway to avoid colliding with the other two vehicles. Just as in *Haines,* the evidence presented in *Springer* established that the plaintiff was driving at a speed which would render him unable to stop within his assured clear distance ahead. Specifically, the evidence established that the decedent was exceeding the posted speed limit on the curves by approximately 15 m.p.h. as he rounded the third curve and the two vehicles came into view. Additionally, an expert witness testified that the decedent was driving at a rate of speed that would have required a stopping distance greater than that which was in the decedent's line of vision.

Unlike the evidence presented in either *Haines* or *Springer,* the evidence presented in the instant matter did *not* so clearly or unequivocally indicate that Mrs. Lockhart was operating her vehicle at an unsafe speed and thus in violation of the assured clear distance ahead rule. Indeed, upon request of Appellees for a compulsory nonsuit, the trial court here denied that request on the basis that the facts did *not* conclusively establish that Mrs. Lockhart was negligent as a matter of law and ruled that the issue was, therefore, one for the jury to determine. There simply was no evidence presented which established that she was traveling at a speed too great to stop

within a specified distance. Regarding the general conditions of this stretch of the roadway on this particular day, Mrs. Lockhart testified that the roadway was dry but that there were trees and bushes growing on either side of the roadway which at times obscured one's view of the roadway. Mrs. Lockhart testified that her speed just prior to entering the curves was approximately 45 m.p.h., but that she took her foot off the accelerator as she descended the curves. As she exited the last curve, she encountered the garbage truck which was positioned diagonally across both lanes of travel. Fairly viewed, the testimony presented indicates that Mrs. Lockhart was proceeding between 40 and 45 mph at the time she first viewed the garbage truck.[5] Mrs. Lockhart testified that she was unsure as to whether the garbage truck was moving at the time of the collision because the collision occurred so quickly. Mr. Allen, the driver of the truck, testified that immediately prior to the collision he had his truck in motion but that just seconds before impact he had come to a stop.

In support of its conclusion that any emergency that arose was caused by Mrs. Lockhart driving at a too great a speed, the Superior Court emphasized Mrs. Lockhart's trial testimony, to wit, that she could not recall whether, at the time of the accident, an advisory 25 m.p.h. speed limit sign was posted on this stretch of the roadway, but that such a sign presently exists at that location. The Superior Court, however, fails to mention Pennsylvania State Trooper James D. Orloff's testimony that on the day of the accident there were no posted speed limit signs, advisory or otherwise, on this particular strip of Cameron Road, thereby rendering the speed limit 55 m.p.h. (N.T. March 20–27, 1990, Vol. III, p. 82).

Accordingly, because the issue of whether Mrs. Lockhart had violated the assured clear distance ahead rule was not determined as a matter of law, but rather was submitted to

5. While the Superior Court found that Mrs. Lockhart testified that she first saw the garbage truck from a distance of approximately one-tenth of a mile, our review of her testimony reveals that although she initially stated such, upon further questioning from counsel for the defendants, she equivocated from such, explaining that she was unable to state with certainty just how far she was from the truck when she first saw it.

the jury, neither *Haines* nor *Springer* supports the Superior Court's decision here that the sudden emergency instruction was properly withheld. Moreover, we find that the lower courts' rigid adherence to the distinction between static or fixed versus moving objects was here in error.

First, the evidence is unclear as to whether the garbage truck was actually stationary at the time of the collision. Thus, on that basis alone, we find it error for the trial judge to have denied the sudden emergency charge. Moreover, even assuming that the garbage truck was stationary at the time, we think reliance upon that fact was misplaced.

The Superior Court has repeatedly announced that the assured clear distance ahead rule generally applies to static or essentially static objects while the sudden emergency doctrine applies to moving instrumentalities unexpectedly thrust into the driver's path. *See e.g., Unangst v. Whitehouse*, 235 Pa.Super. 458, 344 A.2d 695 (1975); *Sullivan v. Wolson*, 262 Pa.Super. 397, 396 A.2d 1230 (1978); *Brown v. Schriver*, 254 Pa.Super. 468, 386 A.2d 45 (1978). In so holding, the Superior Court has relied, at times, on this Court's decision in *Haines, supra.* The Court in *Haines* did not, however, expressly state any such distinction. Rather, as noted above, the Court therein simply found that any emergency which did arise was the result of Mrs. Haines' own negligence in driving at too great a speed for the conditions. While in its discussion of this point, the Court did note that there were no objects other than Mrs. Haines' vehicle in motion at the time of the accident, the decision clearly did not rest on that determination.

Nevertheless, this Court agrees generally with the Superior Court's distinction between fixed and moving objects since it is quite reasonable to hold a person accountable for colliding with a stationary object on the road which is, and has been, in plain view for everyone to see, while it is quite a distinct matter when an object or instrumentality suddenly moves into the path of an oncoming vehicle. We do not, however, believe it to be as inflexible a rule as that ascribed to it by the lower courts here. Since the precept underlying this

distinction is that a driver who, if driving prudently, could have or would have seen the obstacle in the roadway, whether it was moving or stationary, the distinction is rendered meaningless where the evidence, at least arguably, suggests either that the driver would not have seen the obstacle in time to avoid a collision and/or would not have reasonably foreseen the occurrence of the obstacle, even if prudent. In other words, while it may be that given the particular facts presented, the doctrine of sudden emergency and that of assured clear distance ahead would be mutually exclusive, the facts in another case may not conclusively demonstrate that exclusivity, rendering a charge on both doctrines appropriate.

The Superior Court has recognized this very limitation in several of its own cases wherein it has held that while generally the jury should not be instructed on both the sudden emergency doctrine and the assured clear distance ahead rule since the two are mutually exclusive, it is proper to charge the jury as to both doctrines where the evidence does not conclusively establish that it was the negligence of the person claiming the defense of sudden emergency that created the sudden emergency. *See Papandrea v. Hartman,* 352 Pa.Super. 163, 507 A.2d 822 (1986); *Potenburg v. Varner,* 284 Pa.Super. 19, 424 A.2d 1370 (1981); *Stacy v. Thrower Trucking, Inc.,* 253 Pa.Super. 150, 384 A.2d 1274 (1978). Thus, where the evidence is such that reasonable minds could differ as to whether a sudden emergency actually existed, both charges should be given.

For all the foregoing reasons, we conclude that the trial court erred in excluding from its instructions to the jury a charge detailing the sudden emergency doctrine.[6] The facts

6. We would note that the trial court found that notwithstanding its belief that the sudden emergency doctrine was not here applicable, the court's general instructions as to negligence and contributory negligence sufficiently incorporated the sudden emergency doctrine so as to render any additional charge thereon superfluous. In support thereof, the trial court emphasized those portions of its charge which explained that a person's conduct should be evaluated in light of what a reasonable person under similar circumstances would exhibit. The trial court surmised that the jury was thus free to decide whether the actions of the defendants constituted a sudden emergency. As noted above, the

presented in the instant matter simply did not unequivocally establish that the situation was caused by Mrs. Lockhart's own negligence. In addition, by focusing solely upon whether an obstacle was stationary or moving, in circumstances where the obstacle was not in plain view for some length of time and/or foreseeable and the person's negligence not apparent, the trial court and Superior Court erred in its application of the law.[7]

Appellants also contend that the instruction given by the trial court with respect to the assured clear distance ahead rule was erroneous since it defined the issue in terms of

sudden emergency doctrine has been part of our jurisprudence for quite some time. Moreover, as we have already noted, the standard applied in determining the applicability of that defense is distinct from the standard applied in first determining whether the person was negligent and, indeed, entitled to a charge on the sudden emergency doctrine. As such, we fail to see the justification for the trial court's statements that the standard negligence charge adequately conveys to a jury the attributes of the sudden emergency doctrine.

7. We also decline the Appellees' invitation to abolish the sudden emergency doctrine in Pennsylvania. Appellees submit, and the trial court here agreed, that reliance upon the sudden emergency doctrine is dangerous because of the tendency to elevate its principles above that which is required to be proved in negligence actions and because it also tends to confuse standards of comparative negligence. The trial court also found that the doctrine is nothing more than a redefinition of standard negligence principles, i.e. a person is always held to a standard of reasonable care under the circumstances, and that to give such a charge produces confusion. We disagree.

Admittedly, a handful of other states have abolished or severely limited the use of the sudden emergency doctrine based principally upon the belief that the doctrine implies that ordinary rules of negligence are inapplicable to circumstances constituting a so-called emergency. We think, however, that a properly drawn instruction explaining the sudden emergency doctrine, in the proper circumstances, only serves to further clarify for the jury the applicable law. The doctrine itself is far from complex. It does not obliterate the "reasonable man" standard or serve to excuse one from fault, but rather explains to the jury the standard by which to judge the person's behavior in consideration of the emergency. It must be remembered that the doctrine is not applicable where the person claiming it as a defense was negligent in creating the emergency. As such, we discern no inconsistency between the sudden emergency doctrine and the comparative negligence scheme which exists in Pennsylvania. Moreover, the doctrine has been recognized in Pennsylvania since 1854 and has most assuredly survived the advent of comparative negligence in this Commonwealth.

distance only. In essence, what Appellants here contend is that the instruction as given could have misled the jury into believing that it should find Mrs. Lockhart absolutely liable if it found that she was unable to stop within her range of vision. We agree that the instruction given was inadequate.

With respect to the assured clear distance ahead rule, the trial charge here charged as follows:

Driving vehicle at safe speed. No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and without having regard to the potential hazards and conditions for said speed existing nor at a speed greater than would permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching or going around a curve, when approaching a hill crest, when travelling upon any narrow or winding roadway and when special hazards exist with pedestrians or other traffic or by reason of weather or highway conditions.

Now our courts have interpreted this particular statute, the one the Court just stated to you regarding the assured clear distance ahead, to require that a driver have his or her vehicle under such control and operate at such a speed as to safely stop within the assured clear distance within which the driver can see. Now, the driver on a highway, however, can take for granted at least to a certain degree that others approaching will observe the customary rules of the road. So long as those drivers who approach keep to their side of the road, the driver need not keep his or her eyes at all times riveted on the highway in front of him.

As the Superior Court so noted, the initial portion of this charge simply tracks the language of 75 Pa.C.S. § 3361. The Superior Court went on to conclude, however, that the remaining portion of the above charge presented a fair summary of the law involving the assured clear distance ahead rule. We disagree.

As noted previously in this opinion, the case law in this area has held that "assured clear distance" involves only a distance that is assured or, in other words, one that can be depended upon by the driver whose actions are being judged. In connection therewith, this Court has recognized that a prudent driver approaching a crest of a hill or similar topography such that the distance that he or she can see is severely limited, can presume that no one will be situated in that driver's lane of travel and that should such a predicament develop, and a collision occur, the prudent driver in his or her own lane of travel cannot be found negligent under the assured clear distance ahead rule. *See Fleischman v. Reading, supra.* However, this presumption operates only where the driver is, indeed, proceeding in a safe and prudent manner.

In addressing the issue of the assured clear distance rule, we think it incumbent upon a trial court to not only specifically explain this presumption to the jury, but to also instruct the jury as to how this presumption affects its determination of liability. Without any such explanation, the jury is simply not instructed on the full import of the assured clear distance ahead rule. Certainly the mere recitation of the statutory language of section 3361 of the Vehicle Code is insufficient. Moreover, where as here, the trial court makes mention of that presumption in its charge, but fails to detail for the jury the effect that presumption may have in its determination of whether the assured clear distance ahead rule was violated, the charge is insufficient.

The decision of the Superior Court is reversed and the case is remanded for a new trial consistent with this opinion.

PAPADAKOS, J., did not participate in the decision of this case.

FLAHERTY, J., concurs in the result.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.