**ERIE INSURANCE EXCHANGE, as a Subrogee of Jacob T. Hodge; and Jacob T. Hodge, Jr., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 1:CV–99–1516.

United States District Court, M.D. Pennsylvania.

Sept. 21, 2000.

Evan J. Kline, III, Goldberg, Katzman & Shipman, P.C., Harrisburg, PA, for Erie Insurance Exchange, for plaintiff.

Joseph J. Terz, U.S. Attorney's Office, Harrisburg, PA, Kate L. Mershimer, U.S. Attorneys Office, Harrisburg, PA, for U.S., defendant.

Kate L. Mershimer, U.S. Attorneys Office, Harrisburg, PA, for United States of America, counter-claimant.

## MEMORANDUM AND ORDER

SMYSER, United States Magistrate Judge.

The complaint in this case was filed on August 20, 1999. The plaintiffs are the Erie Insurance Exchange and Jacob T. Hodge, Jr. The defendant is the United States of America. The cause of action is a Federal Tort Claims Act claim based upon a motor vehicle accident involving a United States Postal Service tractor-trailer. The jurisdiction of the court is under 28 U.S.C. § 1346(b). The parties consented to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c). A non-jury trial was held on September 11, 2000.

It is undisputed that on March 22, 1998, during a snow storm, the Postal Service tractor-trailer operated by Roger G. Geesaman was driven into the rear end of the Ford Explorer driven by Jacob T. Hodge, Jr. The collision occurred on Route 81 southbound, shortly before midnight. It was snowing at the time, with the roads snow covered. The Hodge vehicle had merged onto Route 81 from Route 581, merging into the left-hand lane of Route 81. At a point less than a mile after the merger, under or just beyond an overpass bridge, the Hodge vehicle came to a stop or near stop because of the reduced visibility caused by the fallen and falling snow. The Postal Service vehicle was being driven from Harrisburg to Mechanicsburg. The operator, Geesaman, having passed an accident and one or two vehicles pulled over and stopped along the right-hand side of the road, had pulled into the lefthand lane to pass slower moving vehicles. The Hodge vehicle was spotted by Geesaman at 200 feet. Geesaman was unable to stop. He crashed into the rear of the Hodge vehicle, driving it forward some distance before the two vehicles came to a stop in close proximity to each other straddling the left-hand solid line lane marker of the left-hand lane of the two lane southbound roadway.

The collision caused stipulated damages of $11,936.21 to the plaintiff's vehicle and of $1,910.22 to the defendant's vehicle.

The plaintiffs assert that the defendant is liable under the Pennsylvania "assured clear distance" rule. 75 Pa.C.S. § 3361 provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

The defendant argues that Geesaman was in compliance with the "assured clear distance" rule and that Geesaman was faced with an unexpected sudden emergency when he came upon the Hodge vehicle. The defendant invokes the "sudden emergency doctrine" exception to the "assured clear distance" rule, citing *Lockhart v. List*, 542 Pa. 141, 665 A.2d 1176, 1179 (1995) and *Levey v. DeNardo*, 555 Pa. 514, 725 A.2d 733, 735 (1999).

I find that, when the collision occurred, Hodge had formed the intent to pull his auto off the roadway and onto the berm and believed that he had done so, and that he had reduced his speed to a full stop or nearly a full stop. I do not make a finding that he had pulled his vehicle entirely to the left of the left-hand lane as bordered by a left-hand solid yellow line. I find that the left-hand line was not visible to motorists at the time of the collision due to a snow cover. I find that visibility was ex-

tremely limited due to snow fallen and falling.

I find that Geesaman was driving too fast for the conditions. He had observed an accident. He had observed vehicles pulled over to the side of the road, their drivers having elected to make no continuing effort to make forward progress in the snow. He had nevertheless chosen to pull into the left-hand lane to pass one or more slower moving vehicles in the right hand lane. Since he had been following a vehicle prior to pulling out to pass, he knew or should have known of his range of visibility to a vehicle ahead of him. Since snow was falling and since he had observed accidents that had occurred and cars pulled over, he knew or should have known that it was quite likely that he could come upon a vehicle ahead of him that was either moving very slowly or that was stopped. By his testimony that he first saw the Hodge Explorer at a distance of 200 feet, since there is no reason to assume any distinction as between the range of visibility to other vehicles such as the vehicles he was passing and the range of visibility to the Hodge Explorer, he establishes that he had allotted no more than 200 feet from the vehicle ahead in which to stop his vehicle. He testified that he pushed the Hodge vehicle forward 100 feet. Since he knew or should have known his visibility range and since he must be considered to know the stopping distance required for his vehicle, it may be inferred that he was traveling faster than he should have been traveling to permit himself to come to a stop before colliding with a stopped vehicle. This clearly constituted a violation of the "assured clear distance" rule.

■ The defendant's "sudden emergency" rationale depends upon the proposition that Geesaman could not reasonably be expected to have anticipated an encounter with a stopped or very slow moving vehicle in the roadway or partially in the roadway. First, it must be noted that an encounter with a stopped vehicle in a roadway, including a 65 miles per hour roadway, is by no means an uncommon experience. It is an experience that any driver at any time must anticipate, whether the stopped vehicle is the result of an accident, road construction, a car stopped to permit an animal to cross, a snowstorm, intense rainfall, or any other such occasional roadway phenomenon. In a snow storm situation, where the tractor-trailer operator has seen accidents and cars pulled over, where visibility is very limited, where the highway line markings are snow-covered, where the tractor-trailer operator traveling at the avowed speed of 30 miles per hour on a 65 miles per hour highway is nevertheless required to move to the left-hand to pass slower moving vehicles so as to maintain such a very slow rate of speed, and where traffic patterns are such that the lane into which the tractor-trailer is moving to effect a passing of other vehicles is a lane into which vehicles merging from another highway will just have entered, the tractor-trailer operator is clearly reasonably expected to anticipate and to be prepared for the possibility of an encounter with a stopped or very slow moving vehicle in the roadway or partially in the roadway. We agree here with the plaintiffs that there was not a sudden emergency presented here of such a nature that it could not have been reasonably anticipated. On the contrary, this case presents a compelling scenario for the application of an assured clear distance principle. Visibility was clearly known to be limited. Each driver's duty to be assured of adequate stopping distance became a matter of perhaps an even more paramount concern than is the case when visibility is unhampered by weather conditions.

■ Geesaman testified that the Hodge Explorer's four-way flashers were not operating. Hodge testified that his four-way flashers were operating. Geesaman testified that he would have alerted sooner to the Hodge Explorer if its four-way flashers had been operating. Geesaman had just passed slow moving vehicles in the right-hand lane whose flashers were not operating. Assuming *arguendo* that the

Hodge Explorer flashers were not operating, it is not more likely than not that the absence of four-way flashers was a substantive cause of Geesaman's driving his tractor-trailer into the Hodge Explorer Geesaman had visible apprehension of the Hodge Explorer at 200 feet, the same range at which he had visible apprehension of the vehicle(s) he was passing. He had no reasonable basis at that time to make any assumption as to the minimal rate of speed that the Hodge vehicle was traveling, except for the conservative and cautious assumption that the Hodge vehicle could be stopped or moving quite slowly. In the light of the conditions, he certainly had to reasonably contemplate that the rate of speed of the Hodge vehicle was extremely slow. It was incumbent upon Geesaman, as a matter of ordinary care, at 200 feet, to ascertain the rate of speed of the Hodge vehicle before unthinkingly forging ahead. If Geesaman could not effect a stop from 200 feet to the Hodge vehicle, he was traveling too fast and that is the sole cause of the collision. If he did not consider the prospect of needing to stop, at 200 feet, until he had formed a reliable impression of the rate of speed of the Hodge vehicle, he failed to exercise reasonable care under the circumstances and that is the cause of the collision. The use or non-use of flashers on the Hodge Explorer at the time is an immaterial distinction for purposes of determining the cause of the plaintiff's injuries.

The defendant argues that Hodge was negligent in not having activated his four-way flashers because it is difficult for a car overtaking another car heading in the same direction to judge the other car's speed. Assuming *arguendo* that Hodge had not activated his four-way flashers (a finding that we do not make), we do not find the absence of four-way flashers on the Hodge vehicle to be a substantial cause of the accident. This was a weather emergency where the fastest moving vehicle, Geesaman's tractor-trailer, was operating at 30 miles per hour. Any operator at that time exercising reason and caution had to anticipate that vehicles would be moving at very slow rates of speed, pulling over, and possibly stopping in the roadway. The state of alert reasonably called for by the conditions was such that every other vehicle had to be presumed for safety purposes to be very slow moving. The possibility that a vehicle had just a moment earlier pulled over or slowed in the roadway to a near stop and had not yet activated its flashers was clearly a prospect to be considered.

The court finds in favor of the plaintiffs and against the defendant in the amount of $11,936.21, and finds in favor of the plaintiffs and against the defendant upon the defendant's counterclaim.

The Clerk shall enter judgment accordingly.