J-A08027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GURPREET GAKHAL | |
| Appellant | No. 1070 EDA 2015 |

Appeal from the Judgment of Sentence April 13, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003105-2014

BEFORE:  BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JULY 08, 2016**

Appellant, Gurpreet Gakhal, appeals from the judgment of sentence entered on April 13, 2015.  We affirm.

The factual and procedural history in this case is as follows.  On September 12, 2012, Naeem Zarin (Zarin) reported to the Upper Darby Township Police Department that Appellant pointed a gun at him and threatened to shoot him.  As a result of this incident, the Commonwealth charged Appellant with simple assault, terroristic threats, harassment, and possession of an instrument of crime.[1]  Eventually, Appellant entered the Accelerated Rehabilitative Disposition (ARD) program and was placed on probation to resolve these charges prior to trial.

---

[1] *See* 18 Pa.C.S.A. §§ 2701(a), 2706(a), 2709(a) and 907(b), respectively.

*Retired Senior Judge assigned to the Superior Court.

On February 9, 2014, Zarin saw Appellant at a local gas station and convenience store. During the encounter, Appellant threatened to kill Zarin and followed him out of the store. Appellant also advised Zarin that Appellant's friends were watching from across the street and waiting for him. Zarin got into his car, drove away, and again summoned the police. Base on this incident, the Commonwealth charged Appellant with terroristic threats, simple assault, harassment, and retaliation against a victim-witness.[2]

At the conclusion of trial on January 15, 2015, a jury found Appellant guilty of retaliation against a victim-witness and acquitted him of the remaining charges.[3] On April 13, 2015, the trial court sentenced Appellant to 11½ to 23 months' incarceration, followed by three years' probation. This appeal followed.[4]

Appellant raises the following questions for our review:

_____

[2] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(3), 2709(a), and 4953(a), respectively.

[3] Because Appellant was on ARD probation when the February 9, 2014 episode occurred, he was removed from the ARD program and proceeded to trial on all of the above-referenced offenses, including the charges stemming from the September 12, 2012 incident.

[4] Appellant filed his notice of appeal to this Court on April 16, 2015. On April 20, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On May 6, 2015, Appellant filed a timely concise statement. On June 30, 2015, the trial court issued its Rule 1925(a) opinion. Appellant included all issues raised on appeal in his concise statement.

Whether the trial court erred in failing to give the full charge of [r]etaliation [a]gainst a [v]ictim-[w]itness when answering a question by the [j]ury but decided to alter and amend said charge?

Did the trial court usurp the [j]ury's fact finding role by telling them that they had already decided facts that would make reading/answering their questions and defining the instruction already given as moot causing confusion resulting in an inconsistent verdict?

Was there sufficient evidence to sustain a [guilty verdict] on the charge of [r]etaliation [a]gainst a [v]ictim-[w]itness?

Appellant's Brief at 4.

Appellant's first two claims allege that the trial court erred or abused its discretion in responding to the jury's question addressed to the grading of the offense of retaliation. Hence, we begin our discussion by detailing the context within which these claims arose, including the court's instructions to the jury, the court's interactions with the fact finder, and the court's resolution of the jury's inquiry.

The Crimes Code grades retaliation against a victim-witness as a second-degree misdemeanor. **See** 18 Pa.C.S.A. § 4953(b). The offense may be graded as a felony of the third-degree, however, if the jury finds that the defendant "employ[ed] force, violence or deception or threaten[ed] to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person." 18 Pa.C.S.A. § 4952(b)(1)(i) and (b)(4); **see also** 18 Pa.C.S.A. § 4953(b) ("[Retaliation against a victim-witness] is a felony of the third degree if the retaliation is

accomplished by any of the means specified in section 4952(b)(1) through (5)[,] relating to intimidation of witnesses or victims[]. Otherwise the offense is a misdemeanor of the second degree.").

At the close of trial, the court issued the standard instruction for retaliation against a victim-witness. Relevant to the grading of that offense, the court's verbal instruction to the jury stated:

> If you find [Appellant] guilty, you must then go on to consider whether the Commonwealth has proven one or more of the following facts beyond a reasonable doubt . . . that [Appellant's] retaliation was accomplished by employing force, violence, or deception or by threatening to employ force or violence upon [Zarin].

N.T., 1/15/15, at 217-218; *see also* Pennsylvania Suggested Standard Jury Instructions (Criminal), § 15.4953 (2015). Defense counsel did not object to the court's jury instruction.

In addition to its verbal instructions, the court prepared a written verdict form to confirm the jury's findings as to the grading of the retaliation offense. The verdict form stated, "Did [Appellant] employ force, violence or deception or threaten to employ violence upon the witness or victim **or, with the requisite intent or knowledge upon any other person**?" Trial Court Opinion, 6/30/15, at 7 (emphasis added). The bolded language was not included in the instructions read by the trial judge in open court. During deliberations, the jury submitted a written inquiry to the trial judge asking for clarification of the phrase "requisite intent or knowledge." N.T., 1/15/15, at 241. Concluding that the bolded language (including the phrase "requisite

- 4 -

knowledge or intent") lacked relevance to the facts of this case, the trial court removed the terms from the verdict slip to conform the special interrogatory to the oral jury charge. *Id.* at 237-248. Defense counsel objected to the revision of the verdict form. *Id.* Ultimately, the jury found Appellant guilty of retaliation and answered the special interrogatory on the verdict form in the affirmative.

In his first claim, Appellant asserts that the trial court erred in removing the bolded language from the verdict form rather than responding to the jury's question. In Appellant's view, it is preferable to reread an instruction in its entirety to avoid the omission of basic or fundamental information. *See* Appellant's Brief at 8. This claim merits no relief.

> [I]n reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this [C]ourt to determine whether the record supports the trial court's decision." *Lockhart v. List*, 665 A.2d 1176, 1179 (Pa. 1995). In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. *Boutte v. Seitchik*, 719 A.2d 319, 324–325 (Pa. Super. 1998). A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. *Potochnick v. Perry*, 861 A.2d 277, 283 (Pa. Super. 2004). A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. *Atwell v. Beckwith Machinery Co.*, 872 A.2d 1216, 1222 (Pa. Super. 2005); *Angelo v. Diamontoni*, 871 A.2d 1276, 1279 (Pa. Super. 2005). The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was

- 5 -

prejudiced by that refusal. ***Commonwealth v. Newman***, 555 A.2d 151, 158–159 (Pa. super. 1989).

***Commonwealth v. Thomas***, 904 A.2d 964, 970 (Pa. Super. 2006) (parallel citations omitted). To avoid jury confusion, "a trial court should not instruct a jury on legal principles which bear no relationship to the evidence presented at trial." ***Commonwealth v. Arrington***, 86 A.3d 831, 850 (Pa. 2014).

In this case, the trial court deleted the phrase "or, with the requisite intent or knowledge upon any other person" from the verdict form because it concluded that this language lacked relevance to the evidence adduced at trial and posed a risk of confusing the jury. We concur in this assessment. As the trial court noted, Zarin met the definitions of both "victim" and "witness" for purposes of the retaliation statute because he reported offenses committed against him by Appellant and because he possessed information relating to those crimes. ***See*** Trial Court Opinion, 6/30/15, at 10, *citing* 18 Pa.C.S.A. § 4951 (defining the terms "victim" and "witness" for purposes of retaliation statute). No one in this case suggests that Appellant targeted any other individual with the threat of violent retaliation. As the trial court reasoned, since Zarin met the definition of "victim" or "witness" or both, he could not have been "any other person" under any sensible reading of the retaliation statute. Trial Court Opinion, 6/30/15, at 10-11. Because the language deleted from the verdict form had no relationship to the evidence presented at trial, and would serve only to confuse or mislead the

- 6 -

jury, we perceive no error or abuse of discretion in the trial court's alteration of the verdict form.

Appellant's second claim alleges that the trial court usurped the jury's role as fact finder by deleting the language that referred to "any other person." Appellant claims that the trial court's explanation to the jury that this language was irrelevant impliedly conveyed the court's belief that Zarin was a witness or a victim. This claim too merits no relief.

The court's removal of irrelevant language from the verdict form did not usurp the jury's role as fact finder. Read as a whole, and despite removal of the irrelevant verbiage, the verdict form directed the jury to find Appellant guilty of retaliation **only** if it determined that he committed any act or engaged in a course of conduct that threatened another for anything done in the capacity of a victim or a witness. *See id.* at 7, *citing* Verdict Slip at Count 1 for case number CP-23-CR-3105-2014. Furthermore, for purposes of applying the grading enhancement, the verdict form asked the jury to decide whether Appellant employed force, violence or deception, or threats to employ violence, against a victim or a witness to accomplish his retaliatory purpose. Thus, in order to find Appellant guilty of retaliation and in order to find circumstances that supported the grading enhancement, the jury still needed to decide whether Zarin met the criteria of a "victim" or a "witness" based upon the facts introduced at trial. Accordingly, the jury's

core deliberative function survived the trial court's simple alteration of the verdict form. No relief is due on Appellant's second claim.

Appellant's final claim asserts that the evidence was insufficient to support his conviction for retaliation. To support this contention, Appellant points out that the jury found him not guilty on all other charges in this case. Appellant next asserts that the trial court's alteration of the verdict slip confused the jury as to the elements of retaliation, which thereby lead to his conviction on this offense.

We apply the following standard in reviewing the sufficiency of the evidence.

> In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt. The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. As an appellate court, we must review the entire record and all evidence actually received. The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Because evidentiary sufficiency is a question of law, our standard of review is de novo and our scope of review is plenary.

***Commonwealth v. Benito***, 133 A.3d 333, 335 (Pa. Super. 2016).

To sustain a conviction for retaliation, the Commonwealth needed to prove that Appellant "harm[ed] another by any unlawful act or engage[d] in a course of conduct or repeatedly commit[ed] acts which threaten[ed]

another in retaliation for anything lawfully done in the capacity of [a] witness, victim or a party in a civil matter." 18 Pa.C.S.A. § 4953(a). Moreover, since the jury found that Appellant committed retaliation as a felony of the third-degree, the Commonwealth also needed to prove that Appellant "employ[ed] force, violence or deception or threaten[ed] to employ force or violence, upon the witness or victim[.]" 18 Pa.C.S.A. § 4952(b)(1)(i) and (b)(4); **see also** 18 Pa.C.S.A. § 4953(b) (describing grading for offense of retaliation).

After careful review of the parties' submissions, the certified record, the trial court's opinion, and the applicable case law, we agree with the trial court that Appellant's sufficiency challenge merits no relief. In its Rule 1925(a) opinion, the court determined that the evidence was sufficient to prove each element of retaliation beyond a reasonable doubt. **See** Trial Court Opinion, 6/30/15, at 16-18. To this conclusion, we add only that Appellant's threat to shoot Zarin, as established by the victim's testimony, was sufficient to prove that Appellant committed retaliation as a felony of the third-degree. We also concur in the trial court's determination that Appellant's acquittals on other charges are not grounds for relief. **See id.** at 13-14. As amended by our addition above, we adopt the trial court's reasoning in the cited text for rejecting Appellant's third claim on appeal. Because we have adopted the trial court's opinion in part, we direct the

parties to include a copy of the court's decision with all future filings relating to our disposition of this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016