**Marsha CUNNINGHAM and William John Cunningham, her husband, Appellants,**

**v.**

**Bryan L. BYERS, Randall Byers, Sr. and Christine Byers, Appellees.**

Superior Court of Pennsylvania.

Argued March 2, 1999.

Filed June 11, 1999.

Richard Victoria, Pittsburgh, for appellant.

William R. Schaffer, Butler, for appellees.

Before JOHNSON, FORD ELLIOTT, and ORIE MELVIN, JJ.

ORIE MELVIN, J.:

¶ 1 Appellants, Marsha Cunningham and her husband, William John Cunningham, appeal from the judgment entered in the Court of Common Pleas of Butler County in favor of Appellee, Bryan L. Byers. In this appeal, we are presented with the issue of whether the trial court committed reversible error in charging the jury on the sudden emergency doctrine. Because the evidence of record does not support a charge to the jury under this doctrine, we reverse the judgment and remand for a new trial.

¶ 2 The facts and procedural history may be summarized as follows. On November 24, 1993, at approximately 7:30 p.m., Mrs. Cunningham was driving her vehicle in a westerly direction on Dinnerbell Road located in the Borough of Saxonburg, Butler County. Dinnerbell Road runs in an east-west direction with a posted speed limit of 35 m.p.h. The weather conditions at that time were dark and lightly raining. Mrs. Cunningham traveled over the crest of the hill on Dinnerbell Road and proceeded downward, approximately 200 yards, to a level portion of the roadway where Dinnerbell Road intersects with Beatty Drive. As she approached this intersection, she activated her left turn signal. She then stopped her vehicle to make a left hand turn onto Beatty

Drive. While at a stop, she waited for three cars which were travelling in an easterly direction to clear the intersection. At this time, she was not aware any vehicles were in back of her. As she began to make the turn, Mrs. Cunningham was struck from behind by a vehicle driven by Mr. Byers.

¶ 3 Prior to the accident, Mr. Byers was also travelling on Dinnerbell Road in a westerly direction. He observed Mrs. Cunningham's vehicle in front of him as he was proceeding down from the crest of the hill. As he approached her vehicle, he slowed down. He did not see Mrs. Cunningham's brake lights or left turn signal. When he realized she was stopped at the bottom of the hill and attempting to make a left hand turn onto Beatty Drive, he tried to slow down but did not have time to avoid impacting her vehicle.

¶ 4 On August 9, 1994 Mrs. Cunningham filed a personal injury action against Mr. Byers, who at that time was a minor, and his parents, Randall Byers Sr. and Christine Byers. On February 9, 1995 she filed an amended complaint including her husband as a plaintiff and a loss of consortium count. Prior to trial, the trial court entered an order marking the case settled and discontinued as to Randall and Christine Byers. The case against Mr. Byers proceeded to a jury trial. The trial court instructed the jury on both the assured clear distance rule and the sudden emergency doctrine. In response to interrogatories, the jury found Mr. Byers was negligent. However, they did not find his conduct was a substantial factor in causing the collision and bringing about Mrs. Cunningham's harm. The Cunninghams timely filed post-trial motions which were denied. Following the entry of judgment, the Cunninghams filed this appeal.

¶ 5 The Cunninghams claim the trial court erred as a matter of law by charging the jury on the sudden emergency doctrine because Mr. Byers presented no evidence of any sudden emergency. They also allege that the sudden emergency doctrine was not applicable in this case when the "emergency" was created by Mr. Byers' violation of the assured clear distance ahead rule.

■ When reviewing a claim that the trial court erred in instructing the jury, the scope of appellate review is whether the court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. This [C]ourt will look at the charge in its entirety against the background of evidence in the case to determine whether error was made and whether it was prejudicial.
*Dickens v. Barnhart*, 711 A.2d 513 (Pa.Super.1998) (citations omitted), *appeal denied*, —— Pa. ——, 729 A.2d 1129 (Pa. October 20, 1999). When the facts are in dispute, the trial court's charge should address any theory or defense that has support in the evidence. *McClintock v. Works*, 716 A.2d 1262, 1265 (Pa.Super.1998).

■ ¶ 6 In the instant case, the trial court instructed the jury on both the assured clear distance ahead rule and the sudden emergency doctrine. The assured clear distance ahead rule is codified in the Vehicle Code at 75 Pa.C.S.A. § 3361, and requires that no person shall drive any vehicle at a speed greater than will permit him to bring his vehicle to a stop within the assured clear distance ahead. This rule has been held to require a motorist to be capable of stopping within the distance that he or she can clearly see. *Lockhart v. List*, 542 Pa. 141, 148, 665 A.2d 1176, 1179 (1995). Therefore, it requires that such control be maintained as will enable a driver to stop and avoid obstructions that fall within his vision. *Anderson v. Moore*, 437 Pa.Super. 642, 650 A.2d 1090, 1092 (1994).

■ ¶ 7 The sudden emergency doctrine provides a defense in a negligence action to a driver of a motor vehicle who suddenly and unexpectantly finds himself confronted with a perilous situation that permits no opportunity to assess the danger and respond appropriately. *Elder v.*

*Orluck,* 334 Pa.Super. 329, 483 A.2d 474, 487 (1984), *affirmed,* 511 Pa. 402, 515 A.2d 517 (1986). Situations which may constitute a sudden emergency include a dust cloud, a moving object, a sudden blocking of the road, the sudden swerving of another vehicle, blinding lights and a dense patch of fog. *Dickens,* at 517; *Levey v. DeNardo,* 555 Pa. 514, 725 A.2d 733 (1999) Our Supreme Court recently reiterated the purpose of this doctrine stating:

> [A] person confronted with a sudden and unforeseeable occurrence, because of the shortness of time to react, should not be held to the same standard of care as someone confronted with a foreseeable occurrence. It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly.

*Levey,* 725 A.2d at 735–36 (citing *Lockhart, supra.*).

¶ 8 Generally a jury should not be instructed on both the assured clear distance ahead rule and the sudden emergency doctrine since the two are mutually exclusive. This is based on the rationale that the assured clear distance ahead rule applies to essentially static or static objects including vehicles moving in the same direction, while the sudden emergency doctrine applies only to moving instrumentalities thrust into a driver's path of travel.[1] *Elder,* 483 A.2d at 482. However, an instruction on the sudden emergency doctrine may be given concurrently with an instruction on the assured clear distance ahead rule if the facts do not conclusively establish the existence of a sudden emergency. *McKee by McKee v. Evans,* 380 Pa.Super. 120, 551 A.2d 260, 275, n. 5 (1988) (*en banc*), *appeal denied,* 522 Pa. 604, 562 A.2d 827 (1989). In the absence of any evidence indicating a sudden emergency, it is improper to charge on both doctrines. *Id.*

¶ 9 In the instant case, the Cunninghams claim the evidence presented at trial failed to support a sudden emergency instruction. We agree. This case does not present a factual situation in which Mr. Byers was suddenly presented with an emergency by an unexpected interjection of a moving object in his path. Mr. Byers testified that as he descended from the crest of the hill on Dinnerbell Road, he observed Mrs. Cunningham's vehicle. On cross-examination, he also reaffirmed his testimony from his deposition in which he stated that while travelling down the hill, he viewed Mrs. Cunningham's vehicle stopped at the level portion of the roadway. Unlike situations where a driver unexpectantly comes upon a vehicle blocking a roadway, the evidence revealed Mr. Byers' vehicle was travelling in the same direction as Mrs. Cunningham's vehicle, and he observed her vehicle in plain view for at least 100 yards before the point of impact. The fact that Mr. Byers did not observe any brake lights or turn signal from Mrs. Cunningham's vehicle does not constitute a situation which qualifies as a sudden emergency. *See Elder, supra* (holding defense based on inoperable taillights does not show a need for a charge on the sudden emergency doctrine). Thus, the evidence of record does not support the trial court's charge on the sudden emergency doctrine.

¶ 10 The Cunninghams claim the erroneous instruction constitutes a sufficient ground for a new trial because the trial court misapplied the law to the facts of record, and the charge confused and misled the jury. Specifically, they claim the sudden emergency charge invited the jury to determine that, even though Mr. Byers violated the assured clear distance ahead rule and was negligent, such negligence was not a substantial factor in causing the collision because Mr. Byers' conduct was excused under the sudden emergency doctrine. Mr. Byers argues that in spite of

---

1. Our Supreme Court has found this distinction between static and moving objects not to be an inflexible rule. *Lockhart,* at 141, 665 A.2d at 1182.

the trial court's instruction on the sudden emergency doctrine, the jury found him to be negligent. As a result of this finding, he claims any error in instructing the jury under this doctrine does not constitute reversible error since it did not prejudice the Cunninghams.

¶ 11 The purpose of charging the jury is to clarify issues which the jurors must determine. *Summit Fasteners Inc. v. Harleysville National Bank & Trust Co., Inc.*, 410 Pa.Super. 56, 599 A.2d 203 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 902 (1992). In determining whether to reverse a verdict due to an erroneous jury charge, an appellate court must look at the charge as a whole. *Chanthavong v. Tran,* 452 Pa.Super. 378, 682 A.2d 334, 339 (1996). If the charge inaccurately describes the law, there is error. *Id.* An alleged inadequacy in jury instructions will also constitute trial error if the jury was probably misled by what the trial judge said or there is an omission in the charge which amounts to a fundamental error. *Cannon v. Tabor,* 434 Pa.Super. 232, 642 A.2d 1108, 1110 (1994). If an appellate court concludes that the charge was erroneous, a new trial will be granted only if the jury charge might have prejudiced the appellant. *Id.*

¶ 12 We find the trial court's charge on the sudden emergency constitutes reversible error since the evidence of record did not support instructing the jury on this doctrine. Moreover, the charge may have had a tendency to confuse rather than clarify the issues for the jury. Even though the sudden emergency doctrine is a defense to negligence, and the jury clearly rejected Mr. Byers' sudden emergency defense in responding to the first interrogatory, we find the charge may have misled the jury in responding to the second interrogatory on the question of liability. Accordingly, we reverse the judgment and remand for a new trial.

¶ 13 Judgment reversed and case remanded for new trial. Jurisdiction relinquished.