■ Peer Holtermann, Appellant, v Victor Cochetti, Respondent. [743 NYS2d 590] —Mercure, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered April 17, 2001 in Albany County, upon a verdict rendered in favor of defendant.

Plaintiff brought this action to recover for injuries he sustained in a vehicular collision that occurred at approximately 10:00 P.M. on November 18, 1999 on Interstate Route 787 in the City of Albany. Plaintiff was driving his automobile in the center lane when the motor suddenly stopped. Prevented by traffic from pulling to the right or the left, plaintiff simply rolled to a stop in his lane and thereafter attempted to restart his engine while vehicles that came up from behind in his lane veered to the left or the right to drive around him. After plaintiff's vehicle remained in that position for several minutes, it was struck from the rear by an automobile driven by defendant.

The action proceeded to trial and Supreme Court instructed the jury on the emergency doctrine (*see,* PJI3d 2:14 [2002]) and sudden stopping (*see,* PJI3d 2:83 [2002]), but denied plaintiff's request for a charge on close following (*see,* PJI3d 2:82 [2002]). The jury rendered a verdict finding that defendant was not

negligent, and plaintiff appeals from the judgment entered thereon. Because we conclude that the contentions advanced by plaintiff are lacking in merit, we affirm.

Initially, we reject the contention that Supreme Court erred in charging the jury on the emergency doctrine. A party is entitled to a charge on the emergency doctrine when, viewing the evidence in the light most favorable to that party, there is a reasonable view of the evidence that the party's conduct was the product of a sudden and unforeseeable occurrence not of the party's own making (*see, Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924). Although it is true here that plaintiff's automobile was stopped for several minutes before defendant came upon it, there was competent evidence to support a finding that darkness, the heavy traffic, which filled defendant's view with a multitude of red taillights, plaintiff's failure to activate his emergency flashers, and an intervening rise in the highway prevented defendant from perceiving plaintiff's stopped vehicle until it did in fact present an emergency situation (*see, Lamey v County of Cortland*, 285 AD2d 885, 887).

There is no question, however, that the substantial time interval between plaintiff's breakdown and defendant's arrival on the scene precluded a finding of a violation of Vehicle and Traffic Law § 1129 (following too closely) or § 1163 (c) (unsafe stop). Although Supreme Court erred in charging the latter, because the jury had no occasion to consider plaintiff's comparative negligence, that error was harmless. As a final matter, defendant's spontaneous utterance of hearsay evidence concerning some unidentified motorist's agreement with his statement that he did not "understand how someone could be in the middle of 787 in the middle lane stopped" does not warrant a new trial, particularly in view of Supreme Court's immediate instruction that the jury was to disregard the statement (*see, Valentine v Lopez*, 283 AD2d 739, 742).

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.