EMILIA POSAS, APPELLANT, *v.*
NICOLE HORTON, RESPONDENT.

No. 51047

April 15, 2010                                        228 P.3d 457

---

*Sterling Law, LLC*, and *Beau Sterling*, Las Vegas; *Jason S. Cook*, Las Vegas, for Appellant.

*Ranalli & Zaniel, LLC*, and *George M. Ranalli* and *Daniel A. Gonzales*, Henderson, for Respondent.

## OPINION

By the Court, DOUGLAS, J.:

In this appeal, we consider whether the district court erred in giving a sudden-emergency jury instruction in a rear-end automobile collision case. We conclude that the district court erred in giving the sudden-emergency jury instruction in this case. We further clarify that the sudden-emergency doctrine applies when an emergency affects the actor requesting the instruction and the actor shows that he or she was otherwise exercising due care.

### FACTS

The underlying litigation arises from a rear-end automobile accident. Appellant Emilia Posas was driving in her car when a woman pushing a stroller began to cross the street in the middle of traffic, directly in front of Posas's car. Posas stopped suddenly to

avoid hitting the jaywalking pedestrian. Respondent Nicole Horton was driving immediately behind Posas and hit the rear of Posas's car with the front-end of her car.

Horton testified that the weather was perfect on the day of the accident. Prior to the accident, traffic was moving slowly and the cars eventually came to a slow stop, indicating stop-and-go traffic conditions. Traffic began to move again and Horton began to move forward and reached a speed of about 10 to 15 miles per hour immediately before the collision. Horton was three to four feet behind Posas's vehicle right before the accident occurred, and she did not see the pedestrian cross in front of Posas. Horton testified, "yeah, obviously, I was following too close, I rearended her . . . you know, I made a mistake."

As a result of the accident, Posas filed a personal injury action against Horton. Despite Posas's objection during the settling of jury instructions, the jury was given a sudden-emergency instruction.[1] The jury returned a verdict in favor of Horton, finding her free from liability for the accident. Posas moved for a new trial, which the district court denied.[2] This appeal followed.[3]

## DISCUSSION

Posas argues that the district court erred in giving the sudden-emergency instruction to the jury. We agree, and conclude that the error warrants a new trial. The sudden-emergency instruction is only appropriate when unexpected conditions confront the actor requesting the instruction and the actor was otherwise exercising reasonable care.

In addressing this case, we must start by looking at the applicability of the sudden-emergency doctrine. Since caselaw in

---

[1]The sudden-emergency instruction stated:

A person confronted with a sudden emergency which he does not create, who acts according to his best judgment or, because of insufficient time to form a judgment fails to act in the most judicious manner, is not guilty of negligence if he exercises the care of a reasonably prudent person in like circumstances.

[2]To the extent that Posas seeks to appeal from the order denying her motion to alter or amend the judgment, we note that no appeal may be taken from such an order. *See Uniroyal Goodrich Tire v. Mercer*, 111 Nev. 318, 320 n.1, 890 P.2d 785, 787 n.1 (1995), *superseded by statute on other grounds as stated in RTTC Communications v. Saratoga Flier*, 121 Nev. 34, 110 P.3d 24 (2005).

[3]Although Judge Brennan entered the judgment on jury verdict, Judge Joseph T. Bonaventure entered the order awarding costs, Judge Charles Thompson entered the order denying the motion for new trial, and former Judge Elizabeth Halverson presided over the jury trial.

Nevada is sparse, we will review the doctrine in Nevada and other jurisdictions. Finally, we clarify the rule for when a sudden-emergency jury instruction is proper.

### Standard of review

A district court's decision to give a jury instruction is reviewed for an abuse of discretion. *Allstate Insurance Co. v. Miller*, 125 Nev. 300, 319, 212 P.3d 318, 331 (2009). "If a jury instruction is a misstatement of the law, it only warrants reversal if it caused prejudice and 'but for the error, a different result may have been reached.'" *Id.* (quoting *Cook v. Sunrise Hospital & Medical Center*, 124 Nev. 997, 1006, 194 P.3d 1214, 1219 (2008)). In order "to reverse a district court judgment based on an erroneous jury instruction, prejudicial error must be established," and prejudicial error is established when the complaining party demonstrates that the error substantially affected the party's rights. *Cook*, 124 Nev. at 1007, 194 P.3d at 1220.

### Applicability of the sudden-emergency jury instruction

In order to be entitled to the sudden-emergency jury instruction, the proponent must show there is sufficient

> evidence to support a finding that [the proponent] had been suddenly placed in a position of peril through no negligence of his or her own, and in meeting the emergency, . . . acted as a reasonably prudent person would in the same or a similar situation. There must be evidence of a sudden and unforeseeable change in conditions to which a driver was forced to respond to avoid injury.

8 Am. Jur. 2d *Automobiles and Highway Traffic* § 1081 (2007). In determining the standard of reasonable care, the Restatement (Second) of Torts further states, "[t]he fact that the actor is not negligent after the emergency has arisen does not preclude his liability for his tortious conduct which has produced the emergency." Restatement (Second) of Torts § 296 (1965).[4] Therefore, a sudden emergency occurs when an unexpected condition confronts a party exercising reasonable care.[5] 57A Am. Jur. 2d *Negligence* § 198 (2004).

---

[4]The Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 9 (2010) also supports this principle. Comment d explains that "the defendant's original negligence is a factual cause of harm to the plaintiff within the scope of liability." *Id.* § 9 cmt. d.

[5]The types of emergencies that courts have found to warrant a sudden-emergency instruction include a "dust cloud, a moving object, a sudden blocking of the road, the sudden swerving of another vehicle, blinding lights[,] a dense patch of fog," an unexpected brake failure, and a stopped vehicle with-

Nevada has previously recognized the use of a sudden-emergency jury instruction but has not defined when it should be applied. *See Rocky Mt. Produce v. Johnson*, 78 Nev. 44, 369 P.2d 198 (1962); *Jones v. Viking Freight System*, 101 Nev. 275, 701 P.2d 745 (1985); *Brascia v. Johnson*, 105 Nev. 592, 781 P.2d 765 (1989).[6] We take this opportunity to clarify when a sudden-emergency instruction should be given.

In this case, Horton advanced the position that the sudden-emergency instruction was properly given to the jury because she was not at "fault since she was confronted with a sudden emergency." Horton's main argument is that the emergency was created by the pedestrian with the stroller crossing in front of Posas's car.[7] Horton argues that she met the burden for the sudden-emergency instruction because the emergency was created by the pedestrian suddenly and unexpectedly crossing the street, that she did not cause the pedestrian to cross the street, and that Horton and Posas each acted as a reasonable person would have by braking to keep from hitting the pedestrian. However, Horton's own testimony belies that fact in light of her statement that she "was following too close." Thus, we conclude that Horton cannot appropriately claim that she faced a sudden emergency. She placed herself in a position of peril through her own negligence.

The facts of this case are similar to those in *Templeton v. Smith*, and we take this opportunity to adopt the analysis in that case. 744 P.2d 1325 (Or. Ct. App. 1987). In *Templeton*, the defendant was traveling behind the plaintiff and looked in her rearview mirror momentarily; when she looked back ahead, the plaintiff had

---

out emergency flashers activated at night. *Cunningham v. Byers*, 732 A.2d 655, 658 (Pa. Super. Ct. 1999); *Chancellor v. Sippel*, 495 P.2d 556 (Colo. App. 1972); *Holtermann v. Cochetti*, 743 N.Y.S.2d 590 (App. Div. 2002).

[6]We also note that *Meagher v. Garvin*, 80 Nev. 211, 391 P.2d 507 (1964), discussed the sudden-emergency doctrine, but the underlying case was not before a jury. However, in both *Rocky Mountain* and *Meagher*, this court upheld the district court's findings that the sudden-emergency doctrine was not applicable in cases where the defendants had failed to exercise due care. *Rocky Mountain*, 78 Nev. at 55, 369 P.2d at 203-04; *Meagher*, 80 Nev. at 214-15, 391 P.2d at 509. In *Jones*, the court found that a sudden-emergency instruction was properly rejected because the circumstances that led to the decedent's "death did not arise in a sudden manner, but arose as a natural consequence of his own manifestly inappropriate volitional acts." *Jones*, 101 Nev. at 276-77, 701 P.2d at 746. In *Brascia*, the court found that any error in giving the sudden-emergency jury instruction was harmless because the sudden-emergency doctrine was not applied since Brascia was found negligent. *Brascia*, 105 Nev. at 595-96, 781 P.2d at 768.

[7]During the settling of jury instructions, Horton argued that the emergency she is alleging is that Posas stopped suddenly and slammed on her brakes. This argument would also not meet the sudden-emergency doctrine standard to warrant a sudden-emergency jury instruction.

stopped, and the defendant was unable to avoid the collision. *Id.* at 1326. After receiving an instruction on sudden emergency, the jury returned a verdict for the defendant. *Id.* The plaintiff appealed, arguing the trial court erred in giving the sudden-emergency instruction. *Id.*

In reversing the jury's verdict, the court stated, "[w]e doubt that an emergency charge should ever be given in an ordinary automobile accident case." *Id.* The court also reasoned that certain so-called emergencies should

> "be anticipated, and the actor must be prepared to meet them when he engages in an activity in which they are likely to arise. Thus, under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles and persons in the highway, and of other vehicles at intersections."

*Id.* (quoting W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 33 (5th ed. 1984)). The Oregon court concluded that the "[d]efendant was not confronted with anything even closely resembling an emergency." *Id.* The fact that the plaintiff came to a stop sooner than the defendant expected is the type of hazard that "should be anticipated under the circumstances of ordinary driving. There were no extraordinary circumstances, such as a truck careening out of control or a sudden mechanical failure." *Id.* Further, drivers must "anticipate certain emergency situations such as the sudden appearance of obstacles or persons, darting children, crowded intersections and sudden stops . . . . These circumstances may be so routine as to make inappropriate the sudden emergency instruction." *Gagnon v. Crane*, 498 A.2d 718, 721 (N.H. 1985) (internal citations omitted).

As described above, in order to warrant a sudden-emergency jury instruction, Horton must show that she was suddenly placed in a position of peril through no negligence of her own, which she failed to do. As in *Templeton*, Horton was faced with an obstacle that normally arises in driving situations—the car in front of her stopped to avoid hitting a pedestrian.[8] Horton's admitted act of following too closely created her peril, and she was unable to stop her vehicle in a timely and safe manner in response to that ordinary traffic situation. Thus, as articulated in *Templeton*, there were no extraordinary circumstances, and no emergency situation confronted Horton.

---

[8]NRS 484.3245(1) states that "[a] driver of a motor vehicle shall . . . [e]xercise due care to avoid a collision with a pedestrian."

Additionally, for the sudden-emergency doctrine to apply, the emergency must affect the actor. If there is an emergency, the actor must show that he or she was otherwise exercising due care to put forth a sudden-emergency instruction. It should be noted that even if an emergency situation had been created by the pedestrian in this case, it would have been an emergency that confronted Posas, not Horton. The doctrine is applicable to the party facing the emergency, not a party who creates his or her own emergency. *See* 57A Am. Jur. 2d *Negligence* § 213 (2004).

Pursuant to our adoption of the *Templeton* analysis, the district court abused its discretion in instructing the jury on sudden emergency in this case. The instruction tended to mislead or confuse the jury, and the error was prejudicial. Although the instruction itself properly described the sudden-emergency doctrine, Horton failed to show she was exercising reasonable care. But for the error, as to the use of reasonable care by Horton, a different result may have been reached by the jury. Further, the record includes evidence to support Posas's claim that the error substantially affected her rights, namely, Horton's own admission that she was following Posas too closely at the time of the accident.

Therefore, the sudden-emergency jury instruction, as used in this case, created prejudicial error that warrants granting Posas a new trial. Accordingly, we reverse the judgment of the district court and remand for a new trial consistent with this opinion.[9]

PARRAGUIRRE, C.J., and HARDESTY, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.

---

[9]Posas raises several other arguments on appeal. Having considered these additional arguments, we conclude that they are without merit. Further, because we reverse and remand for a new trial, we also reverse the district court's post-judgment order awarding costs to Horton.