An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN J. KEISIC,
Appellant,
vs.
VALLEY HEALTH SYSTEM, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY D/B/A VALLEY HOSPITAL
MEDICAL CENTER; AND THOMAS Q.
LIM, M.D.,
Respondents.

No. 64445

FILED

DEC 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment and an order denying a post-judgment motion for a new trial in a medical malpractice action.[1] Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Martin Keisic presented to Valley Health, with a life-threatening sodium deficiency. At Valley Health, Dr. Lim began a treatment plan intended to gradually raise Keisic's sodium levels. Following treatment Keisic developed Osmotic Demyelination Syndrome, a neurological disease. Keisic sued Valley Health and Lim, alleging medical malpractice.

At trial, an expert testified that Osmotic Demyelination Syndrome is associated with an increase in sodium levels in the brain. Testimony indicated that the disease is also associated with alcoholism

_____

[1]The Honorable Chief Justice James Hardesty participated in deciding this case following the Honorable Justice Ron Parraguirre's disqualification.

15-40070

and low sodium levels.[2] Testimony showed that Valley Health did not follow its own policies regarding how lab results were to be reported to a charge nurse or the treating physician. Lim testified, however, that he would not have changed the treatment plan even if he had known of the lab results.

Nurse Buenaflor, who treated Keisic, testified that a charge nurse was informed of Keisic's lab results. Keisic protested this testimony once outside the presence of the jury. He argued that the introduction of testimony showing that there was a charge nurse indicated that Valley Health committed a discovery violation. Keisic noted that he had requested the names of all potential witnesses and that Valley Health never disclosed a charge nurse. Valley Health stated that it did not know of the charge nurse. The district court found that it was possible that Valley Health did not know who the charge nurse on duty was. As a remedy, the court ruled that Keisic was free to bring out the fact that no charge nurse was ever disclosed.

While settling jury instructions, Keisic requested an instruction on loss of chance of survival or recovery and increase of risk of harm. Keisic also asked for an extended instruction on proximate cause discussing the substantial factor theory of causation. The court denied both requests, finding lack of evidence for the former and that the latter was encompassed in other instructions.

The jury returned a verdict in favor of respondents. The verdict form indicated that the jury found both respondents had fallen

---

[2]According to emergency room records, Keisic consumed about eight to ten beers per day.

below their standards of care, but did not find the necessary causation connecting their actions to Keisic's injuries.

Keisic moved for a new trial. He argued that the testimony regarding a charge nurse showed that Valley Health committed a discovery violation warranting a new trial. He also argued that the district court erred by not giving his proposed jury instructions. The district court denied the motion for a new trial.

On appeal, Keisic argues that 1) the district court erred by denying his motion for a new trial on the ground that the respondents failed to disclose the identity of the charge nurse; 2) the district court erred by excluding Keisic's proposed jury instructions regarding loss of chance and increase of risk and substantial factor theories of recovery; and 3) the district court abused its discretion when determining the standard in denying Keisic's motion for a new trial. We conclude that the district court did not err in denying the motion for new trial on the ground that respondents failed to disclose the identity of the charge nurse. The jury found a breach of duty without the charge nurse's testimony, thus, her testimony would not have aided Keisic's case. We further conclude that the district court did not err regarding the jury instructions because Keisic failed to present statistical evidence that his chances of developing his condition increased after the treatment and, therefore, entitled him to a loss of chance instruction. Additionally, the instructions as a whole covered the subject matter of the proposed substantial factor instruction. Accordingly, we conclude that the district court did not abuse its discretion when it chose the standard to determine whether a new trial was warranted because there was no error to warrant a new trial under even the most liberal of standards.

*Discovery of the Charge Nurse*

Keisic contends that the district court erred when it denied his motion for a new trial because the respondents failed to disclose the identity of the charge nurse during discovery. We disagree.

We review a district court's decision to grant or deny a motion for a new trial for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 611 (2014). A district court may, but is certainly not required to, grant a motion for a new trial on numerous grounds: irregular proceedings, misconduct, surprises that ordinary prudence could not have guarded against, newly discovered evidence, or errors in the law. NRCP 59(a). Nevada's civil rules require a party to disclose "[t]he name and, if known, the address and telephone number of each individual likely to have information discoverable under [NRCP] 26(b), including for impeachment or rebuttal." NRCP 16.1(a)(1)(A).

Here, the alleged ground for a new trial is an allegation of withholding discoverable evidence. Nurse Buenaflor testified that the charge nurse was aware of the lab results but that she did not know the name of the charge nurse. The district court did not find it unbelievable that Valley Health would not know, years later, the name of the charge nurse on the day in question.

Even if the court found that the respondents purposely withheld the information, the district court would still have been within its discretion to deny the motion for a new trial. First and foremost, the jury's verdict shows the error was harmless because the jury concluded that the respondents breached their duty. At most, the charge nurse's testimony would only have solidified the result that Keisic had already achieved without her. The jury decided against Keisic because he failed to

prove causation, and the charge nurse's testimony would not have proved causation. Additionally, the district court provided Keisic with a remedy when it informed him that he would be entitled to bring out the fact that the hospital never identified a charge nurse on duty.

Keisic failed to prove that the respondents committed a discovery violation. Even if the respondents did commit a discovery violation, disclosure of the charge nurse's identity would not have improved Keisic's likelihood of success on the merits. Therefore, the district court did not abuse its discretion when it denied Keisic's motion for a new trial.

*Jury Instructions*

Keisic contends that the district court abused its discretion when it decided to exclude his proposed jury instructions regarding 1) loss of chance and increased risk and 2) substantial factor analysis.

"A district court's decision to give a jury instruction is reviewed for an abuse of discretion." *Posas v. Horton*, 126 Nev. 112, 115, 228 P.3d 457, 459 (2010). An erroneous jury instruction, or the erroneous failure to instruct, is cause for reversal only if a different result may have been reached had the error not occurred. *Id.*

*Loss of Chance / Increased Risk Instruction*

Keisic argues that the district court abused its discretion by not instructing the jury that the respondents may be held liable for malpractice if they reduced his chance of survival or recovery or increased his risk of harm. Respondents argue that because Keisic did not present any statistical evidence that there was a chance he would not have developed the disease in the absence of malpractice, he merely insisted that he would not have developed the disease at all, so he was not entitled to a loss of chance instruction. We agree. *Atkinson v. MGM Grand Hotel,*

*Inc.*, 120 Nev. 639, 642, 98 P.3d 678, 680 (2004) (stating that a party is entitled to a jury instruction on his theory of the case if the theory is supported by the evidence).

We have adopted the loss-of-chance doctrine, holding "[i]n cases in which the plaintiff prevails, it can be said that the medical malpractice more probably than not decreased a substantial chance of survival and that the injured person ultimately died or was severely debilitated." *Perez v. Las Vegas Med. Ctr.*, 107 Nev. 1, 6, 805 P.2d 589, 592 (1991) (emphasis omitted).

In *Prabhu v. Levine*, 112 Nev. 1538, 1544, 930 P.2d 103, 107 (1996), we considered whether sufficient evidence supported a loss-of-chance verdict. There, the evidence included expert testimony and statistics that showed that by not timely treating a tumor, Dr. Prabhu decreased the plaintiff's chances for a favorable recovery. *Id.* The jury heard evidence that showed that 1) the plaintiff's prognosis would have been better if the tumor had been caught earlier; and 2) medical negligence allowed the tumor to grow, thus decreasing chances of recovery. *Id.* at 1544-45, 930 P.2d at 107-08.

Here, Keisic presented no evidence that his chances of developing the disease increased after the malpractice. Dr. Madias, an expert witness, testified that a patient suffering from low sodium will have an increased chance of developing Osmotic Demyelination Syndrome if sodium levels are raised too quickly. However, there was no testimony showing what Keisic's chances of developing the disease were before treatment. Ultimately, the jury could not compare Keisic's chances before and after treatment and, therefore, could not rationally conclude that he had lost any chance of survival or that his risk had increased.

Accordingly, Keisic was not entitled to the loss of chance and increased risk instruction and the district court did not abuse its discretion in excluding the proposed instruction.

*Substantial Factor Analysis Instruction*

Keisic contends that the district court abused its discretion by declining to give his proposed jury instruction, which was a more detailed version of the substantial factor instruction that the district court gave to the jury. Specifically, Keisic's proposed instruction contained language that would have allowed the jury to rely on human experience instead of mathematical certainty. He claims this was necessary because the testimony at trial confused the distinction between proximate cause and scientific certainty.

The respondents contend that human experience and not needing mathematical certainty were covered in other instructions, and that this case was not more unique than a typical medical malpractice claim. We agree. *Beattie v. Thomas*, 99 Nev. 579, 583-84, 668 P.2d 268, 271 (1983) ("If the other instructions given to the jury adequately cover the subject of the requested instruction, . . . the trial court should not give it.").

Here, the district court instructed the jury that the plaintiff's burden of proof was to present evidence that was more likely true than not. Keisic had no burden to prove absolute certainty. Thus, the jury was adequately instructed that it was to focus on a balance of probability and did not need to eliminate all possibility. Further, Keisic provides no authority that a specific instruction regarding causation does not need to be mathematically proven, nor did he show that it is even an accurate statement of law, thus, we will not intervene. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006)

(stating that we need not consider claims that are not cogently argued or supported by relevant authority). Therefore, we conclude that the district court did not abuse its discretion by denying Keisic's proposed instruction. *Cf. Ins. Co. of the West v. Gibson Tile Co.*, 122 Nev. 455, 463, 134 P.3d 698, 702-03 (2006) ("The district court has broad discretion to settle jury instructions, and a district court's decision to give a particular instruction will not be overturned absent an abuse of discretion or judicial error." (internal quotations omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Kenneth C. Cory, District Judge
Thomas J. Tanksley, Settlement Judge
Shook & Stone, Chtd.
Maupin Naylor Braster
David N. Frederick
Bailey Kennedy
Hall Prangle & Schoonveld, LLC/Las Vegas
Mandelbaum, Ellerton & Associates
Eighth District Court Clerk