J-A09018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LAWRENCE FAWAZ ABOUSEIF :
:
Appellant : No. 222 MDA 2022

Appeal from the Judgment of Sentence Entered January 4, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-SA-0000323-2021

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED: JUNE 5, 2023**

Appellant, Lawrence Fawaz Abouseif, appeals from the judgment of sentence entered on January 4, 2022. We affirm.

The trial court summarized the relevant facts of this case as follows.

> On October 31, 2021, at approximately 9:30 p.m.[,] Officer Christian DeAngelo [of the Northern Berks Regional Police Department] was positioned on Route 222 southbound assisting a broken down tractor trailer with his vehicle shadowing the tractor trailer so as to cast light upon it from his marked police cruiser. Appellant's vehicle passed the marked police cruiser traveling southbound toward Route 73 and traveled through a steady red light at the intersection. Officer DeAngelo activated his emergency overhead lights and sirens and conducted a traffic stop of the vehicle. Officer DeAngelo ran [] Appellant's license and registration and identified [Appellant] on the day of trial as the person whom he stopped that evening. … [Officer DeAngelo] then issued Appellant a citation for 75 Pa.C.S.A. § 3111[(a)]), Obedience to Traffic Control Device.

Trial Court Opinion, 5/17/22, at 2 (internal citations omitted).

On October 20, 2021, Appellant was found guilty of violating Section 3111(a) of the Motor Vehicle Code ("MVC") following a non-jury summary trial held before the magisterial district court. On November 1, 2021, Appellant appealed his summary conviction to the Berks County Court of Common Pleas. A summary appeal hearing was held on January 4, 2022, after which the trial court also found Appellant guilty of violating Section 3111(a) of the MVC and ordered him to pay a $150.00 fine. This timely appeal followed.

Appellant raises the following issues on appeal:

> Whether [Appellant] may rightfully avail himself of Pennsylvania's "sudden emergency doctrine," or a judicially expanded version thereof, or otherwise be vindicated, or "excused," from culpability for the [MVC] violation for which he was cited, where a combination of supervening circumstances conspired [] to create a situation so urgent, unexpected, and overwhelming to him that they materially contributed to his commission of the violation?

> Whether due weight was accorded by the trial court to Appellant's sworn testimony whereby he sought to establish and assert such a defense?

Appellant's Brief at 4.

Herein, Appellant's "primary thesis" is that the "sudden emergency doctrine," applicable in civil cases, should operate to absolve him of criminal liability for violating 75 Pa.C.S.A. § 3111(a), Obedience to Traffic Control Device. Appellant's Brief at 7. This issue, therefore, "presents [a] pure question[] of law, over which our standard of review is *de novo* and our scope of review is plenary." ***In re Vencil***, 152 A.3d 235, 241 (Pa. 2017).

This Court previously addressed the application of the sudden emergency doctrine in criminal matters in **Commonwealth v. Matroni**, 923 A.2d 444 (Pa. Super. 2007). In particular, the **Matroni** Court explained:

> The trial court erred in instructing the jury on the sudden emergency doctrine because that doctrine, a civil concept, is not a recognized defense [for] which Matroni was entitled to a jury instruction. As Matroni himself acknowledges, "the trial court is under a duty to instruct the jury on the correct legal principles **applicable** to the facts presented at trial." **Commonwealth v. Cox**, 686 A.2d 1279, 1286 (Pa. 1996) (emphasis added). Here, the sudden emergency doctrine is not a legal principle applicable to the Vehicle Code charges in question.
>
> \*\*\*
>
> Extensive research has revealed no cases wherein a defendant has been permitted to successfully employ the sudden emergency doctrine as a defense to criminal charges, and we decline to allow Matroni to do so in this case.

**Id**. at 452 (parallel citation omitted). In the aftermath of our decision in **Matroni**, this Court has consistently rejected a criminal defendant's attempt to invoke the sudden emergency doctrine to evade liability. **See Commonwealth v. Coen**, 2015 WL 6828068, at \*3 (Pa. Super. July 24, 2015) (unpublished memorandum) ("Here, we likewise reject [the appellant's] invocation of the civil affirmative defense of the sudden emergency doctrine in reviewing [the appellant's] criminal conviction for driving at an unsafe speed for road conditions."); **Commonwealth v. Epps**, 2013 WL 11251604, at \*5 (Pa. Super. Oct. 24, 2013) (unpublished memorandum) ("This court has previously ruled that the sudden emergency doctrine is a civil law concept

inapplicable to the realm of criminal culpability."). Because the sudden emergency doctrine is inapplicable in the criminal context, Appellant's claims of error fail.

Moreover, even if the sudden emergency doctrine were applicable in this matter, Appellant would not be entitled to relief. Indeed, "the sudden emergency doctrine . . . does not apply to vehicles moving in the same direction, nor does it apply when the defendant is responsible for creating the emergency." *Matroni*, 923 A.2d at 452-453; *see Cunningham v. Byers*, 732 A.2d 655, 658 (Pa. Super. 1999) (explaining that "the sudden emergency doctrine applies only to moving instrumentalities thrust into a driver's path of travel"); *see also Lockhart v. List*, 665 A.2d 1176, 1180 (Pa. 1995) ("It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly.").

Here, at trial, Appellant admitted that he traveled through a steady red light because he was driving too closely to the truck in front of him. Specifically, Appellant testified as follows:

> **[Assistant District Attorney ("ADA") Lehman]:** You say this is how close you were to the truck. Now this is not the night in question, correct?
>
> **[Appellant]:** This is not the night in question. This is not. This is a picture that I took in the daylight the next day.
>
> **[ADA Lehman]:** So[,] this is what you [are] saying is helpful with the tractor trailer in front of you?
>
> **[Appellant]:** That is correct.

**[ADA Lehman]:** And you [are] saying that because you were this close to the vehicle in front of you, that you could not see the red light.

**[Appellant]:** That is correct.

**[ADA Lehman]:** But you acknowledge that when you passed the red light[,] it was red?

**[Appellant]:** You see can I explain, Your Honor?

**[ADA Lehman]:** No.  My question is when you went over the red light, the light, it was red, correct?

**[Appellant]:** When I went underneath it after I cross[ed]?

**[ADA Lehman]:** Yes.  So[,] you acknowledge later you learned that the light was red?

**[Appellant]:** After I crossed.

**[ADA Lehman]:** Okay.  And you acknowledge that this picture would be a violation of the [MVC] because you are following too closely?

**[Appellant]:** I had reason to follow to[o] closely.

N.T. Trial, 1/4/22, at 38-39.  Hence, Appellant did not testify that something "suddenly or unexpectedly" caused him to accelerate through the intersection when the traffic light was red.  *Matroni*, 923 A.2d at 453.  To the contrary, Appellant's testimony revealed that he traveled through a steady red light because, at the relevant time, he was driving too close to the truck in front of him and, as such, Appellant was unable to see that the light was red.  Because Appellant's own testimony reveals that his own error, *i.e.*, driving too closely to the truck in front of him, caused him to travel through the steady red light, Appellant cannot avail himself of the protection of the sudden emergency doctrine.

Accordingly, having found no error on appeal, we will affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2023