J-S73024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY YALETSKO | |
| Appellant | No. 607 MDA 2014 |

Appeal from the Judgment of Sentence of March 12, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-SA-0000032-2014

BEFORE:  BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 19, 2014**

Harry Yaletsko ("Appellant") challenges the judgment of sentence entered by the trial court following his appeal from a summary conviction before a magisterial district judge.  We affirm.

On March 12, 2014, following a hearing, the trial court affirmed Appellant's summary conviction for a violation of 75 Pa.C.S. 3309(a) ("Driving on roadways laned for traffic").  On the same day, the trial court entered judgment of sentence.[1]  This timely appeal followed.  The trial court did not direct Appellant to file a concise statement of errors complained of

---

[1]    The sentence consisted of a citation.  The amount of the penalty is not readily apparent, but closer scrutiny is not required:  Appellant challenges only the verdict, not the levy.

on appeal pursuant to Pa.R.A.P. 1925(b), but the court has furnished a brief Rule 1925(a) opinion for our reference.

As best we can glean from the record before us, Appellant was overtaking a vehicle that had made a wrong turn and was starting and stopping as it proceeded down the road, the driver searching for an opportunity to turn around. Appellant came upon the other vehicle and attempted to pass on the left just as the other driver began to turn left, thus blocking Appellant and resulting in a collision.

Appellant raises the following issues:

1. Whether it is a viable legal defense for a driver to cross over into another lane of travel when faced with a sudden emergency?

2. Whether the court erred in concluding that the defense had not established [that] a sudden emergency existed[?]

Brief for Appellant at 4.

Appellant's first issue pertains to the "sudden emergency doctrine," which may provide a defense to a citation arising from driving behavior arising when "a party . . . suddenly and unexpectedly finds him or herself confronted with a perilous situation [that] permits little or no opportunity to apprehend the situation and act accordingly." *Lockhart v. List*, 665 A.2d 1176, 1180 (Pa. 1995). Although Appellant offers a modicum of argument that "evidence" of the sudden emergency somehow was excluded, *see* Brief for Appellant at 7-8, he directs us to nothing in the certified record to support that premise, and the trial court's account reflects not exclusion but

rather that the principles underlying the doctrine were considered and rejected. If Appellant intends to maintain that any such evidence was excluded, whatever it might have been, he must direct this Court to where in the record he attempted to enter evidence that the court refused to accept, and Appellant also must direct us to evidence that he properly objected to such a ruling. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 2117(c) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall . . . specify [t]he method of raising them . . . [and t]he way in which they were passed upon by the court."); Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears."). Appellant's failure to do so provides us with no basis upon which to grant relief. Accordingly this issue fails.

In his second issue, Appellant turns to what we perceive to be the main contention of his appeal—that the trial court entered a judgment at odds with the weight of the evidence. *See* Brief for Appellant at 8 ("In the present matter it is evident that Appellant was presented with a sudden emergency, and did not deviate from the standard of conduct that a

reasonable person would employ when confronted with Appellant's situation.").

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations, internal quotation marks, and footnote omitted). A weight of the evidence claim is addressed to the trial court, and we review the trial court's consideration of the weight of the evidence only for an abuse of the trial court's discretion in ruling upon that issue. *Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009).

Appellant's entire argument on this point consists of one paragraph:

> [The other driver] admitted that he was lost and in search of an area in which he could turn his vehicle around. Additionally, [the other driver] was operating his vehicle in a stop and go manner, driving for about two hundred yards at a time and then slamming on his breaks [*sic*]. Furthermore, when Appellant got up to the crest of the hill in which he was traveling, [the other driver's] vehicle was stopped in the middle of the road, brake

lights on, with no turning signal activated. At that point Appellant was faced with three options: run off the road and into the trees, hit the back of [the stopped] vehicle, or try to go around [the] vehicle. Trying to go around [the] vehicle was the best option presented to Appellant, and it required him to travel in the opposite lane of traffic.

Brief for Appellant at 8-9.

To this, the trial court responds:

This Court noted that counsel for [Appellant] implied in his cross-examination of Jacobson, that he was driving erratically. Although that characterization was denied, the combined testimony of Jacobson and [Appellant] presents a driver who has made a wrong turn, [and who is] looking for a place to turn around, driving slowly, braking and then rolling for 200 yards. Following such a vehicle is not unknown to the average driver. Certainly attempting to pass such a vehicle without first giving notice by horn is taking a significant risk. In so doing, [Appellant] created what he now calls a sudden emergency.

Trial Court Opinion at 2 (unnumbered). In its two-page opinion, the trial court reviewed this and other evidence, and specifically noted that it did not find Appellant's testimony credible.

Appellant does not contest the evidentiary predicates to which the trial court alluded, and our review of the record does not suggest that the trial court's account is inconsistent with the evidence presented at Appellant's trial. We discern no more than Appellant's disagreement with the trial court's weighing of the evidence, which is insufficient to warrant relief under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2014